Sandra Lou GIPSON, Appellant,

v.

The STATE of Texas, State.

No. 2–83–225–CR.

Court of Appeals of Texas,
Fort Worth.

March 7, 1984.

Rehearing Denied April 19, 1984.

Michael K. Sinha, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Gary L. Medlin, Asst. Dist. Atty., Fort Worth, for the State.

Before JORDAN, BURDOCK and JOE SPURLOCK, II, JJ.

## OPINION

JORDAN, Justice.

Our prior opinion in this case is hereby withdrawn on the court's own motion and the following opinion is substituted therefor.

This is an appeal from an order revoking appellant's probation. After appellant pled guilty to the offense of passing a forged check, punishment, enhanced by one prior felony conviction, was assessed at ten years in the Texas Department of Corrections. Imposition of this sentence was suspended and appellant was placed on probation for the ten-year period. Probation was revoked upon the trial court's finding that appellant had violated, as alleged by the State, one condition of her probation.

Appellant's second ground of error has raised the existence of a procedural anomaly in this case which, in the opinion of this court, requires abatement of the appeal. The second ground of error will therefore be discussed but only insofar as it presents the procedural facts relevant to the order of abatement.

Appellant's second ground of error complains of the trial court's refusal to allow her to file a motion for new trial. The record establishes the following sequence of events relevant to this ground of error. Appellant's probation was revoked and the ten-year sentence was imposed on June 7, 1983. On the same date, oral notice of appeal was given and counsel on appeal was appointed. By certified letter dated June 17, 1983, appointed counsel was advised of the completion of the record in the case and of the fifteen-day period under TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 7 (Vernon Supp.1984) within which to file objections to the record. Appellant filed no objections to the record. The trial court approved the record on July 5, 1983 and the record was filed in this court on the same date. Appellant's counsel was advised of the approval of the record by certified letter also dated July 5, 1983.

The record itself reflects no further proceedings with respect to the case. However, an affidavit of the clerk of the trial court, attached to appellant's brief, states that appellant attempted to file a motion for new trial in the case on July 7, 1983. The affidavit further states that the clerk refused to acknowledge receipt of the motion on the grounds that the record in the case had already been sent to the Court of Appeals and the trial court no longer had jurisdiction over the case.

It is appellant's contention that the clerk's refusal to file this motion for new trial was reversible error since the motion was filed within the thirty-day time limit imposed under TEX.CODE CRIM.PROC. ANN. art. 40.05(a) (Vernon Supp.1984). The State argues initially that nothing has been preserved for review since the motion and affidavit have not been properly made a part of the record in this case. Secondly, the State asserts that the trial court properly refused the motion tendered on July 7, 1983 since the filing of the record in the Court of Appeals on July 5, 1983 operated, under TEX.CODE CRIM.PROC.ANN. art. 44.11 (Vernon Supp.1984), to deprive the trial court of jurisdiction over the case.

With respect to the State's contention regarding preservation of the error, we agree that it is the general rule that an appellate court is not authorized to consider as part of the record documents or affidavits attached to appellate briefs. *See Booth v. State*, 499 S.W.2d 129, 135 (Tex. Cr.App.1973). However, TEX.REV.CIV. STAT.ANN. art. 1822 (Vernon 1964) grants this court the power, *upon affidavits* or otherwise as may be deemed proper, to ascertain facts necessary to the proper exercise of our jurisdiction. By virtue of this statute, and the nature of the facts alleged in the affidavit, we believe the affidavit may be properly considered to avoid a premature or improper exercise of jurisdiction over this case. We emphasize that we are considering only the affidavit of the clerk of the trial court and in no way are we considering appellant's motion or the merits thereof.

Addressing the State's second contention, we agree that the filing of the record in this court on July 5, 1983, deprived the trial court of jurisdiction to act further with respect to the case except as to bond, pending appeal. *See* TEX.CODE CRIM. PROC.ANN. art. 44.11 (Vernon Supp.1984). *See also Duncan v. Evans*, 653 S.W.2d 38, 39 (Tex.Cr.App.1983). Therefore, the trial court properly refused to accept appellant's motion for new trial tendered after the record had been filed in this court. Nevertheless, TEX.CODE CRIM.PROC.ANN. art. 40.05(a) expressly allowed appellant thirty days within which to file a motion for new trial and appellant's motion *was* tendered for filing within the time limit.

While we acknowledge that in a probation revocation proceeding, there is no rule *requiring* the trial court to consider a motion for new trial, the trial court is not without authority to consider such a motion and to grant same if it deems such action to be proper. *Ausborne v. State*, 499 S.W.2d 179, 180 (Tex.Cr.App.1973). To summarily hold that the jurisdictional bar of art. 44.11 deprives appellant of the full extent of the thirty-day period provided by art. 44.05 for the filing of a motion for new trial would be to foreclose from the trial court's consideration an otherwise timely filed motion which the trial court is authorized to consider. Although this court cannot and does not consider the merits of appellant's motion, we do not believe that the precipitous filing of the record in this cause should operate to exclude from the trial court's consideration the matters presented therein.

Under the particular facts of this case, where the filing of the record preceded the running of the thirty-day period for the filing of a motion for new trial, the proper remedy requires that appellant be afforded the opportunity to file her motion for new trial with the trial court. Therefore, we hereby abate the appeal in the instant case and re-vest in the trial court jurisdiction over the case with instructions to accept and file appellant's motion for new trial for whatever disposition, if any, the trial court deems proper. Said motion, if tendered at all, is to be tendered by appellant within ten (10) days from the issuance of this opinion. The trial court will retain jurisdiction over the case until a supplemental transcript containing the motion and the trial court's ruling thereon, if any, are transmitted to this court.