# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════════

## NO. 03-03-00624-CR

═══════════════════

**Blake Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

════════════════════════════════════════════════════════════════════════
### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C02-04982, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING
════════════════════════════════════════════════════════════════════════

## O P I N I O N

Appellant Blake Taylor appeals her conviction for operating a motor vehicle in a public place while intoxicated, a Class B misdemeanor. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). The jury found appellant guilty. The trial court assessed punishment at ninety days in the county jail and a fine of $1,000. The imposition of the sentence was suspended and appellant was placed on probation for one year subject to certain conditions.

### Points of Error

Appellant advances eight points of error. First, appellant contends that the trial court erred in denying her a timely hearing on the motion for new trial based on the lack of jurisdiction. Second and third, appellant asserts that the trial court erred in admitting testimony regarding the field sobriety tests of horizontal-gaze mystagmus and the one-leg stand. Fourth, appellant claims that the

trial court erred by excluding testimony regarding her medical condition at the time of her arrest. Fifth, sixth, seventh, and eighth, appellant challenges the legal and factual sufficiency of the evidence to support the conclusion that appellant had lost the normal use of her mental and physical faculties by the introduction of alcohol into her body. We will abate the appeal.

## A Jurisdiction Issue

We turn first to appellant's claim that the trial court erred in holding that it had no jurisdiction to hear the timely filed, timely presented motion for new trial within the seventy-five day period from the suspension of the imposition of the sentence because the appellate record had been filed in the appellate court prior to the hearing. *See* Tex. R. App. P. 25.2(g).

## Background

The jury trial was conducted on September 9 and 10, 2003. On October 8, 2003, the hearing on punishment was held by the trial court. Appellant was placed on probation as described. On October 20, 2003, appellant filed a notice of appeal followed by a motion for new trial on November 6, 2003, both documents being filed within the thirty-day periods required. *See* Tex. R. App. P. 21.4,[1] 26.2.[2] The record reflects and the trial court acknowledged that the motion for new

---

[1] Rule 21.4 provides:

    (a) *To File.* The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.

    (b) *To Amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or

trial was timely filed and presented[3] to the court on November 6, 2003, and that a hearing was set on the motion for December 15, 2003, within the seventy-five day period for hearing motions for new trials. *See* Tex. R. App. P. 21.8.

Six days later, on November 12, 2003, the court reporter's record was filed in this Court followed by the filing here of the clerk's record on November 21, 2003.

---

more amended motions for new trial.

Tex. R. App. P. 21.4.

[2] Rule 26.2 provides:

(a) *By the Defendant.* The notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

(b) *By the State.* The notice of appeal must be filed within 15 days after the day the trial court enters the order, ruling, or sentence to be appealed.

Tex. R. App. P. 26.2.

[3] Rule 21.6 provides:

The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.

Tex. R. App. P. 21.6.

On December 15, 2003, when the trial court called for a hearing on the timely filed and presented motion for new trial within the 75-day period, the State objected on the basis that the trial court had lost jurisdiction as the appellate record had been filed in this Court. *See* Tex. R. App. P. 25.2(g). The trial court sustained the State's objection. The record of this "aborted" hearing is reflected in the supplementation of the reporter's record by the court reporter and filed in this Court on December 19, 2003.

The trial court relied upon Rule 25.2(g) that provides:

> Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate.

Tex. R. App. P. 25.2(g).[4]

---

[4] The immediate forerunners of Texas Rule of Appellate Procedure 25.2(g) were Rules 25.2(e) and 40(b), substantially unchanged. An earlier predecessor was article 44.11 of the Code of Criminal Procedure that read:

> "Upon the appellate record being filed in the court of appeals or the Court of Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by the trial court. In cases where the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the court of appeals or the Court of Criminal Appeals as in other cases."

Act of May 27, 1965, 59th Leg., R.S., vol. 2, ch. 722, 1965 Tex. Gen. Laws 317, 513, *amended by* Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 31, 1967 Tex. Gen. Laws 1732, 1748, *amended by* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 129, 1981 Tex. Gen. Laws 761, 815. Article 44.11 of the Code of Criminal Procedure was repealed by Court of Criminal Appeals effective September 1, 1986 with the adoption of Rules of Appellate Procedure. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, 1985 Tex. Gen. Laws 2472.

Pursuant to Rule 25.2(g), it is the filing of the "record" that ends the trial court's power to act. *See* 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 43.09 (2d ed. 2001) (hereinafter Dix).

The time periods for filing the appellate record in criminal cases are governed by Rule 35.2 of Texas Rules of Appellate Procedure.[5] The time periods provided therein for the filing of the appellate record are clearly dependant on whether a motion for new trial is timely filed. Tex. R. App. P. 35.2(a), (b). The responsibility for filing the clerk's record in the appellate court is placed on the trial court clerk. *See* Tex. R. App. P. 35.3(a). The court reporter has the responsibility for the appellate filing of the reporter's record. *See* Tex. R. App. P. 35.3(b). There are provisions to ensure

---

[5] Rule 35.2 provides:

The appellate record may be filed in the appellate court:

(a) if a motion for new trial is not filed, within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed;

(b) if a timely motion for new trial is filed and denied, within 120 days after the date the sentence is imposed or suspended in open court; or

(c) if a motion for new trial is granted, within 60 days after the order granting the motion is signed.

Tex. R. App. P. 35.2.

the filing of the appellate record,[6] but they are not here applicable as the filing of the appellate record

appears to be premature in light of the pending motion for new trial.[7]

The record that deprives the trial court of jurisdiction when filed in the appellate court[8]

---

[6] To ensure the filing of the appellate record, the trial court and the appellate court are jointly appointed guardians. *See* Tex. R. App. P. 35.3(c). Further, Rule 37.3(a)(2) provides that should "either part of the record" not be timely filed, the appellate court clerk must refer the matter to the appellate court for action. Tex. R. App. P. 37.3(a)(2). With the responsibility for filing the appellate record divided between the trial court clerk and the court reporter, the "record" frequently arrives in the appellate court piecemeal as in the instant case.

[7] The State faults appellant for not waiting until his last window of opportunity (15 days after the overruling of the motion for new trial) to give his notice of appeal. *See* Tex. R. App. P. 21.8 (trial court must rule on motion for new trial within 75 days after sentence) and 26.2(a)(2) (notice of appeal may be given within 90 days after sentence when motion for new trial is filed). The State asserts appellant could have avoided the actions of the trial court clerk and the court reporter in this case. Appellant was only required to give notice of appeal within the time period provided. *See also* Tex. R. App. P. 27.1 (provision for prematurely filed notice of appeal).

[8] The filing of a notice of appeal in a criminal case does not have the same effect on the trial court's jurisdiction as the filing of the appellate record in the appellate court. *See Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984), *overruled on other grounds*, *Awadelkariem v. State*, 974 S.W.2d 721 (Tex. Crim. App. 1998); *Hall v. State*, 698 S.W.2d 150, 152 (Tex. Crim. App. 1985); *State v. Kelley*, 20 S.W.3d 147, 150 (Tex. App.—Texarkana 2000, no pet.).

We are aware that the Court of Criminal Appeals in *Whitehead v. State*, 130 S.W.3d 866, 874 n.34 (Tex. Crim. App. 2004), observed a conflict between some case law and Rule 25.2(g) of the Rules of Appellate Procedure as follows:

> The notice of appeal was filed on February 12, the clerk's record of the indigence hearing was mailed on February 22, and the Court of Appeals file-stamped the record on February 25. We have previously held that the filing of a notice of appeal divests the trial court of general jurisdiction. *Ramirez v. State*, 104 S.W.3d 549, 550 (Tex. Crim. App. 2003); *Lopez v. State*, 18 S.W.3d 637, 639 (Tex. Crim. App. 2000). However, Rule 25.2(g) states that further proceedings in the trial court (unless otherwise provided by law or the appellate rules) are suspended "[o]nce the record has been filed in the appellate court." *See also Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). At this juncture, we need not resolve any potential conflict between our cases and the rule, or any ambiguity within the rule, concerning the exact moment the trial court loses

consists of both the trial clerk's record and the court reporter's record. *See* 43A Dix § 43.321. It is observed that Rule 37.3(a)(2) concerning the delay in filing the appellate record uses the term "either part of the record." Tex. R. App. P. 37.3(a)(2). Normally then, both the clerk's and court reporter's record must be filed in the appellate court before Rule 25.2(g) is applicable.

If the position taken by the State is correct, then at the point the court clerk filed the clerk's record in this Court, the trial court lost jurisdiction to hear the timely filed and presented motion for new trial duly set for a hearing by the trial court itself. Surely, the clerk and court reporter knew or should have known that a proper motion for new trial was pending, that the record for appeal was not complete, and that there was not yet any finality to the normal trial court's procedures. Under the State's theory, it is the trial court clerk and court reporter who decide when jurisdiction of a criminal case passes under the rules from the trial court to the appellate court.

**Motion for New Trial Procedure**

The motion for new trial procedure has long been an important and integral part of our criminal trial system as provided for in our codes of criminal procedure. Now its procedural and substantive requirements are found in the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 21.1-21.9. A motion for new trial is not a requisite for raising a point of error or issue on appeal.

---

jurisdiction.

Neither party here is claiming that the giving of the notice of appeal divested the trial court of its jurisdiction over the case. We need not explore the issue here. *See Beeler v. State*, 122 S.W.3d 814, 816 (Tex. App.—Amarillo 2003, no pet.) (holding Rule 25.2(g) provides the answer).

*See generally* Tex. R. App. P. 21.1.  Nevertheless, a motion for new trial is sometimes necessary in order to "adduce facts of a matter not otherwise shown in the record."  Tex. R. App. P. 21.2.

In *Prudhomme v. State*, 28 S.W.3d 114 (Tex. App.—Texarkana 2000), the Court in an order-opinion abating the appeal wrote:

> We also find it to be beyond dispute that a motion for new trial can be an extremely important tool for presenting an appeal.  A motion for new trial is generally not a prerequisite to an appeal, but it can be indispensable for a meaningful appeal of issues which are reliant on facts outside the record.  *See* Tex. R. App. P. 21.2; 43 George E. Dix & Robert O Dawson, *Texas Practice: Criminal Practice and Procedure* § 41.01 (1995 & Supp. 2000).

*Id.* at 118.[9]

The right to file and have heard a motion for new trial is deemed absolute provided the right is asserted within the time period specified by law.  *McIntire v. State*, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985).

For over one hundred and thirty years, our trial courts have had the discretion to grant new trials in the interest of justice.  *See State v. Gonzalez*, 955 S.W.2d 692, 694 (Tex. Crim. App. 1993); *Mullins v. State*, 37 Tex. 337, 339-40 (1872-73).  Rule 21.3 of the Rules of Appellate Procedure does not provide an exclusive list of the grounds for granting a new trial.  *See Kelley*, 20 S.W.3d at 151.  The granting or denying of a motion for a new trial is within the sound discretion of the trial court.  *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

---

[9] The aggravated sexual assault conviction was later affirmed in *Prudhomme v. State*, 47 S.W.3d 683 (Tex. App.—Texarkana 2001, pet. ref'd).

Appellant had a right to have his timely filed motion for new trial heard. The trial court clerk and the court reporter forwarded their records to this Court without regard to or without being aware of the pending motion for a new trial. Such premature actions which could affect the times when courts lose or obtain personal jurisdiction of a case should be avoided, whether done inadvertently or by design. Such clerical actions could be the subject of great abuse.[10]

Under these circumstances, we do not interpret the jurisdictional bar of Rule 25.2(g) to foreclose the trial court's consideration of a timely filed motion for new trial. *See Gipson v. State*,

---

[10] The trial court's approval of the appellate record has been eliminated or greatly diluted by the Rules of Appellate Procedure.

In the 1925 Code of Criminal Procedure, the trial court clerk was to prepare the transcript in conformity with the rules governing transcripts in civil cases. *See* Article 841 (1925 Code of Criminal Procedure). Under this practice, the court reporter's statement of facts was filed with the trial court clerk for inclusion in the record which had then to be approved by the trial court before being transmitted to the appellate court.

In the 1965 Code of Criminal Procedure, some innovative changes were made in the appellate procedure by article 40.09. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 478-82. *See* Special Commentary, article 40.09, Code of Criminal Procedure, volume 5, pp. 205-06 (West 1979).

Under article 40.09, the trial court clerk prepared the appellate record, which included the statement of facts from the court reporter. Notice of completion of the record was given to the parties and they were afforded an opportunity to object. Section 7 of article 40.09. The record, as approved by trial court, was filed with the trial court clerk. Section 8. The defendant's and State's appellate briefs were then filed with the trial court clerk. Sections 9 and 10. It was the duty of the trial court to decide from the appellate briefs whether to grant a new trial. Section 12. If there was a refusal to grant a new trial, the appellate record was transmitted to the appellate court. Section 13. Article 40.09 was subsequently repealed.

Under the procedure described, few problems of premature filing in the appellate court arose.

669 S.W.2d 351 (Tex. App.—Fort Worth 1984, no pet.) (interpreting article 44.11 of the Code of

Criminal Procedure, forerunner of Rule 25.2(g)).  In *Gipson*, the Court wrote:

> Under the particular facts of the case, where the filing of the record preceded the running of the thirty-day period for the filing of a motion for new trial, the proper remedy requires that appellant be afforded an opportunity to file her motion for new trial with the trial court.

*Id*. at 353.  And in *Gonzalez v. State*, 659 S.W.2d 470, 475 (Tex. App.—Corpus Christi 1983, pet.

ref'd), the Court observed that where the defendant was timely seeking to have his motion for new

trial heard before the filing of the appellate record, the trial court had jurisdiction to hear the motion.

*Cf. Harris v. State*, 137 S.W.3d 829, 831 (Tex. App.—Waco 2004, no pet.) (appeal abated after

record filed as certificate of right of appeal was defective).

In *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995), a capital murder

prosecution, the trial court originally failed to make findings of fact and conclusions of law regarding

the voluntariness and admissibility of the defendant's confession as required by law.  *See* Tex. Code

Crim. Proc. Ann. art. 38.22, § 6 (West 1979).  When the failure to make these findings was made

an issue on appeal, the trial court made the findings one year after the appellate record had been filed

in the reviewing court.  *Id*. at 938.  *Green* held that these belated findings were null and void as the

trial court lacked jurisdiction at the time because the filing of the appellate record deprived the trial

court of the power to act in light of Rule 40(b)(2) of the Rules of Appellate Procedure (now Rule

25.2(g)).  Because of the mandatory nature of article 38.22, the appeal was abated and the cause

remanded to give the trial court an opportunity to make the findings, this time with jurisdiction. *Id*. at 940.[11]

Because appellant had an important right to have her motion for new trial heard and the trial court had an affirmative duty to hear the motion, there is adequate basis for an abatement of the appeal.

Moreover, there is an exception clause to Rule 25.2(g). It provides that appellate jurisdiction obtains "except as provided otherwise by law or by these rules." We ordinarily give effect to the plain meaning of a statute or a rule. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The exception clause of Rule 25.2(g) has not been interpreted as far as we have been able to determine. Former article 44.11 of the Code of Criminal Procedure that preceded Rule 25.2(g) provided in part "except as to bond as provided in article 44.04 and the proceedings in article 40.09. . . ."[12] The clause in Rule 25.2(g) is far broader than the earlier one in article 44.11, plus the exception is to be found elsewhere in the law or rules rather than expressly stated within the jurisdictional bar provision.

---

[11] In *Berry v. State*, 995 S.W.2d 699 (Tex. Crim. App. 1999), the opposite result was reached in a somewhat similar situation as in *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995). In *Berry*, however, the belated findings of fact and conclusions of law were related to a revocation of probation hearing in a deceptive practices case. *Id*. at 700. The *Berry* court distinguished *Green* on the bases that the findings as to the confession were required by law and that the trial court had an affirmative duty under the statute to make the findings, while in *Berry* there was no legal requirement that the findings of fact and conclusions of law be made after a revocation of probation hearing. *Id*. at 702.

[12] *See* Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 31, 1967 Tex. Gen. Laws 1732, 1748 as amended by Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 109, 1981 Tex. Gen. Laws 961, 815. Article 40.09 of the 1965 Code of Criminal Procedure has been repealed, *but see* art. 44.04, Tex. Code Crim. Proc. Ann. (West Supp. 2004-05).

The State calls attention to the present provisions of articles 44.04 and 26.04 of the Code of Criminal Procedure as examples of exceptions to Rule 25.2(g). *See* Tex. Code Crim. Proc. Ann. arts. 26.04, 44.04 (West Supp. 2004-05). We agree but observe that these statutes relating to the appointment of counsel and bond do not expressly or otherwise make reference to Rule 25.2(g) or the jurisdictional bar provided therein, nor is such required.

Bond has long been considered an exception to the jurisdictional bar now found in Rule 25.2(g). Article 26.04 has now been considered an exception. *See Enriquez v. State*, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, no pet.). This does not mean that bond and appointment of counsel are the only recognized exceptions.

The procedures for handling motions for new trial are set forth in the Rules of Appellate Procedure promulgated by the Texas Court of Criminal Appeals. When they are dutifully followed, a defendant's right to a new trial is not to be abrogated by the mere precipitous filing in the appellate court of an incomplete record by the trial court clerk and court reporter.

Accordingly, we abate the appeal and remand the cause to the trial court to afford appellant a hearing on his motion for new trial within thirty days from the date of this opinion. We do not pass upon or comment upon the merits of the motion for new trial or the points of error raised.

If the motion for new trial is granted by the trial court, this record should be supplemented with a copy of the written order. The appeal will then be dismissed upon appellant's motion. *See* Tex. R. App. P. 42.2.

If the motion for new trial is overruled by the trial court, this record should be supplemented with a copy of the written order, a copy of the court reporter's record of the hearing

12

and all other matters pertaining to the procedure after remand. *See Garcia v. State*, 97 S.W.3d 343, 349 (Tex. App.—Austin 2003, no pet.). The parties will be permitted to brief any issues properly raised. *Id.*; *cf. Massingill v. State*, 4 S.W.3d 733, 736 (Tex. App.—Austin 1999, no pet). The supplemented record shall be filed in this Court within sixty days from the date of this opinion.

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Filed: April 14, 2005

Publish

---

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).