TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00746-CR






Armando Perez, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-06-207020, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





O R D E R

PER CURIAM

 Appellant was convicted of the offense of possession of a controlled substance
and sentenced on September 24, 2008. On September 30, appellant was released on appeal bond. 
See Tex. Code Crim. Proc. Ann. art. 44.04(c) (West 2006). Appellant has filed with this Court
an "Emergency Motion to Revoke Appeal Bond." In his motion, appellant represents that he was
incarcerated on March 19, 2009, and is seeking to have his appeal bond revoked "so that he may
receive credit for the time that he is in custody." Appellant asserts that the district court is without
jurisdiction to revoke his appeal bond "since 75 days have elapsed since sentencing."

 By statute, the trial court has jurisdiction to revoke an appeal bond. See id. The
statute imposes no specific time limit on the trial court's exercise of this jurisdiction. (1) In fact, the
trial court retains jurisdiction to revoke an appeal bond even after appeal has been perfected in
the appeals court. See Robinson v. State, 700 S.W.2d 710, 712 (Tex. App.--Houston [14th Dist.]
1985, no pet.); see also Farris v. State, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) ("A trial
court's power to act in a given case ends when the appellate record is filed in the court of appeals,
except for matters concerning bond."); Taylor v. State, 163 S.W.3d 277, 283 (Tex. App.--Austin
2005, pet. dism'd) (explaining that filing record in appeals court suspends all further proceedings
in trial court "except as provided otherwise by law or these rules") (citing Tex. R. App. P. 25.2(g)). (2) 
Appellant cites to no authority granting this Court jurisdiction to revoke an appeal bond. 
Accordingly, we dismiss the motion for want of jurisdiction.

 It is ordered March 24, 2009.


Before Justices Patterson, Pemberton and Waldrop

Do Not Publish

1. Appellant may be referring to the general rule that a trial court retains plenary power to
decide a motion for new trial for 75 days after imposing or suspending sentence in open court. See
Tex. R. App. P. 21.8(a). 
2. Rule 25.2(g) was derived from former article 44.11 of the code of criminal procedure,
which provided, "Upon the appellate record being filed in the court of appeals or the Court of
Criminal Appeals, all further proceedings in the trial court, except as to bond as provided in
Article 44.04, shall be suspended and arrested until the mandate of the appellate court is received by
the trial court." Act of May 13, 1981, 67th Leg., R.S., ch. 291, § 129, 1981 Tex. Gen. Laws 815
(emphasis added) (current version at Tex. R. App. P. 25.2(g)).