COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-18-00002-CR |
| Appellant, | § | Appeal from the |
| v. | § | 171st District Court |
| ABRAHAM CONTRERAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20160D06093) |
| | § | |

## O P I N I O N

In this appeal, the State of Texas contends that the trial court erred by granting Abraham Contreras' motion for a new trial. We reverse the new trial grant and render judgment denying the motion for new trial.

## BACKGROUND

This is a plea bargain case. On October 4, 2017, Contreras pleaded guilty to one count of aggravated sexual assault of a child and two counts of indecency with a child in exchange for a nine-year prison sentence and the requirement to register as a sex offender. At the request of Contreras' attorney, the trial court gave Contreras until November 3, 2017 (30 days) to turn himself in to begin serving his sentence. On October 20, 2017, the trial court, stating that it believed Contreras would abscond, issued a capias and ordered Contreras to surrender himself and begin

serving his prison sentence.

On November 2, 2017—twenty-nine days after Contreras was sentenced—Contreras filed a motion to substitute his first lawyer for another lawyer. The next day, Contreras' new counsel filed a "Motion to Withdraw Plea and for New Trial." The motion stated, in relevant part:

II.
Mr. Contreras moves to withdraw his plea and moves for a new trial because his plea was the product of ineffective assistance of counsel and was therefore not a knowing and voluntary plea. He also moves for a new trial based on newly discovered evidence that could have been used in his defense, if his attorney had investigated and discovered the evidence. Mr. Contreras pleaded guilty without being adequately advised of his options and his rights. He did not have effective assistance of counsel to investigate his defense. He pleaded guilty based on the fear that, without anyone advocating for him, he could face more time in jail, notwithstanding his innocence.

III.
Mr. Contreras is in his sixties has never been arrested before in his life. He was charged with sexual assault of and indecency with a child, with a complete absence of physical evidence or third-party witnesses. His defense counsel did not investigate the substantial basis for the alleged victim and her mother to invent the charges against him. If Mr. Contreras had had effective representation, he would not have entered the guilty plea.

IV.
Mr. Contreras requests a hearing before this Court where he will present the newly discovered evidence and further present the details of the ineffective assistance of counsel. [FN 1] Counsel is not able at this point in time to be precise about which evidence is newly discovered evidence, because she was not able to get access to the discovery in this case. The portal is closed to her, because the case is closed. Further, prior defense counsel never printed or even downloaded the evidence in this case, so that is not available to the undersigned.

V.
This Court has discretion to grant a new trial in the interest of justice. *Taylor v. State,* 163 S.W.3d 277, 282 (Tex.App.—Austin 2005)('For over one hundred and thirty years, our trial courts have had the discretion to grant new trials in the interest of justice.')(citing *State v. Gonzalez,* 855 S.W.2d 692, 694 (Tex.Crim.App. 1993)). The granting or denying of a motion for a new trial is within the sound discretion of the trial court. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). Mr. Contreras is requesting an opportunity to withdraw his plea and have an attorney represent him in this matter who will review the evidence and investigate and present his defense. Justice is served allowing Mr. Contreras

2

this opportunity.

[FOONOTE 1]: Mr. Contreras will also file a proffer of evidence in support of his request for a hearing.

The trial court held a status conference on November 16, 2017. The State asserts that it requested a reporter's record for this hearing, but no record was taken, and the State characterizes this conference as being an "informal status conference."

On December 8, 2017,[1] Contreras filed a "Supplement to Motion for New Trial." In the supplement, Contreras asserted that he was not raising new ground other than those raised in his original motion for new trial, but rather that he was supplying the specific evidence referenced in the motion for new trial. He attached an affidavit from Private Investigator William Kirkpatrick. Kirkpatrick attested that he interviewed three witnesses who had not been previously interviewed. Two of the witnesses operated businesses within the same shopping center as Contreras, who operated a jewelry shop. According to Kirkpatrick, the two witnesses he interviewed were familiar with the complaining witness and her mother because the complaining witness's mother operated a retail booth at the shopping center, and the complaining witness was often there with her mother.

One of Kirkpatrick's witnesses testified that her shop was right across from Contreras' shop, that she saw the complaining witness come to Contreras' booth and offer to clean his store, that the complaining witness never seemed scared of Contreras, that Contreras seemed more annoyed than interested in the complaining witness, and that she never saw Contreras act inappropriately toward the complaining witness or go anywhere with Contreras.

The second of Kirkpatrick's witnesses saw Contreras frequently at the shopping center and outside of work as well. That witness never saw Contreras act inappropriately toward the

---

[1] The State correctly notes that this date fell outside the thirty-day window following sentencing during which a trial court can entertain a motion for a new trial or an amendment to a motion for new trial that has not yet been ruled upon.

complaining witness, and while he had seen the complaining witness and her mother with Contreras, he never saw the complaining witness and Contreras alone together.

Kirkpatrick's third witness owned a jewelry store on Fort Bliss and had done business with Contreras for several years. Contreras would visit the Fort Bliss jewelry store from time to time to pick up jewelry to repair, but he always came alone, and the witness never saw anyone with Contreras when he would visit.

The Supplement also stated:

> Further, there is documentary evidence referred to in the police reports in this case that was either never obtained or never disclosed by the State or the Defense. Specifically, police reports in this case refer to CPS reports that conflict with UBH records. There is no detail in the State's file as to why the complaining witness was at UBH, but clearly this could be exculpatory information. There is also reference to medical visits by the complaining witness. There is no detail in the police reports regarding this information, which would clearly be relevant. The undersigned has requested all of this information from the District Attorney. Once a hearing date is set for the Motion for New Trial, Defendant will subpoena said information.

On December 15, 2017, the trial court held a nonevidentiary hearing regarding the motion for a new trial. A transcript of this hearing appears in the record. The trial court asked the State and counsel for the defense if they had been able to reach an agreement regarding the new trial motion. The prosecutor at the hearing informed the trial court that the parties had not reached an agreement. Counsel for Contreras reiterated the motion for new trial arguments, including the arguments that there were apparently conflicting accounts given by the complaining witness. Counsel for Contreras then proposed that the trial court grant—without a hearing—the motion for new trial in the interest of justice so that the evidentiary record could be further developed in order to get past the 75-day ruling deadline and then allow the State to file a motion to reconsider, at which time the trial court could have a hearing and decide whether there had been an adequate basis to grant the new trial in the first place. The prosecutor stated that the State did not agree and

4

opposed a new trial. After hearing both sides, the trial court made the following comments on the record:

> THE COURT: Now, see, this is the issue that we have, is the 75 days. If there – I guess, can I have an agreement from the State, that if I sign this as Ms. Stillinger says, it gets out of the box of the 75 day limit, and if you want to file a motion to reconsider, or whatever motion you want to file, I will entertain that?
> I'll just sign this right now so we don't have to rule about the 75 days. I don't want you go up to the Court of Appeals, after I have signed this, because I'm just – at this point, I don't mind getting on the record saying that I'm just doing so, so there is no 75 day issue, and that we'll have a full blown hearing, if indeed, that's what the State wants. I'm telling you, on the record, I'll give you a hearing on a motion to reconsider.

The prosecutor again opposed the grant of a new trial.

The trial court ultimately granted the motion for a new trial. The trial court's order stated, in relevant part: "Although the Court is not reaching the issue of ineffective assistance and therefore does not find ineffective assistance of counsel, the Court finds that a new trial should be granted in the interest of justice."

This State's appeal followed.

## DISCUSSION

### *Standard of Review and Applicable Law*

We review a trial judge's decision to grant a motion for new trial for an abuse of discretion. *State v. Herndon,* 215 S.W.3d 901, 907 (Tex.Crim.App. 2007). That discretion, however, is not unbounded or unfettered. *State v. Zalman,* 400 S.W.3d 590, 593 (Tex.Crim.App. 2013). A judge is permitted to grant or deny a motion for new trial "in the interest of justice," but justice means in accordance with the law. *Herndon,* 215 S.W.3d at 907. A judge may not grant a new trial on mere sympathy, an inarticulate hunch, or simply because he believes the defendant received a raw deal or is innocent. *Id.* A trial court *must* grant a new trial for the reasons listed in Tex.R.App.P. 21.3, and it may grant a new trial on other valid legal grounds as well. *Herndon*, 215 S.W.3d at 907.

5

As the Court of Criminal Appeals explained in *Herndon,* there is generally no abuse of discretion in a new trial grant on non-enumerated grounds if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the harmless error standards of the Texas Rules of Appellate Procedure. *Id.* at 909. The defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial. *Id.* On the other hand, trial courts do not have the discretion to grant a new trial unless the defendant demonstrates that his first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial. *Id.*

A defendant's motion for new trial must be filed no later than thirty days after the date when the trial court imposes or suspends sentence in open court. TEX.R.APP.P. 21.4(a). A motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion. *State v. Aguilera,* 165 S.W.3d 695, 698 n.9 (Tex.Crim.App. 2005). A trial court may not order a new trial on a ground for relief not alleged in the motion for new trial, even if it is supported by the evidence. *State v. Frias*, 511 S.W.3d 797, 808 (Tex.App.—El Paso 2016, pet. ref'd). Should the trial court refuse to limit its ruling to the original motion and grant relief on the basis of the amendment over the State's objection, the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment. *Id.* The accused is required to allege sufficient grounds to apprise the trial court and the State as to why he believes he is entitled to a new trial. *Zalman,* 400 S.W.3d at 594 (explaining that the motion must contain enough detail to give the other party notice of what is being complained of so that it can properly prepare for the hearing); *State v. Gonzalez,* 855 S.W.2d 692, 694–95 (Tex.Crim.App. 1993). The

general rule is that a trial court's ruling will be upheld if it is correct on any applicable legal theory presented in the motion for a new trial, even if the court articulated an invalid basis for granting a new trial. *See Herndon*, 215 S.W.3d at 905 n.4. This is the "right ruling, wrong reason" doctrine. *Id*.

### *Interest of Justice Grounds*

The bulk of Contreras' new trial motion presented an ineffective assistance of counsel claim against his previous trial counsel. Although we should uphold a new trial grant where a trial court relies on the wrong ground in its order but another ground presented in the motion would support the grant, *Herndon*, 215 S.W.3d at 905 n.4, here the trial court explicitly stated that it was *not* relying on ineffective assistance of counsel grounds in granting a new trial. As such, we must discount those disavowed grounds as a basis for the grant and turn instead to the remaining grounds upon which the trial court's ruling could have rested. The only remaining ground timely raised in the motion for new trial is an interest-of-justice ground.

Based on our review of the record and the trial court's stated reasons for granting the new trial, it appears that the trial court granted this motion for new trial on interest-of-justice grounds in an effort to get past the 75-day deadline before the motion would be overruled by operation of law. The trial court explained that it would grant the motion and thereby provide Contreras with more time to obtain evidence, and if Contreras failed to provide evidence in support of his claim, the trial court would rescind the new trial grant and reinstate Contreras' conviction.

We do not believe a trial court has the discretion to grant a new trial for the purpose of allowing a defendant time to gather evidence that was not presented in a timely-filed motion for new trial. The standard is clear: a defendant who files a motion for a new trial must offer valid grounds and evidence in support of those grounds in the motion within thirty days of conviction

7

in open court. *See* TEX.R.APP.P. 21.4(a); *cf. Mercier v. State*, 96 S.W.3d 560, 562 (Tex.App.—Fort Worth 2002, no pet.)(evidence attached to an amended motion for new trial filed outside the thirty-day filing period could not be considered). Further, a motion for new trial can only be granted as a matter of discretion if it is supported by sufficient evidence.

Given the compressed timelines involved in resolving a motion for a new trial, claims requiring the development of more evidence are often more appropriate for resolution in habeas proceedings. However, based on the record before us, we do not believe the trial court could have granted a new trial under the circumstances.

The State's sole issue is sustained.

## CONCLUSION

The judgment of the trial court is reversed. We render judgment denying the motion for new trial.

October 31, 2019

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8