

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**PD-1681-07**

---

**LEOFRIC DARRELL TAYLOR, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY**

---

*Per curiam.*

### O P I N I O N

Appellant was convicted of indecency with a child and the trial court assessed punishment at twenty-five years' confinement. Appellant filed a motion for new trial. The trial judge signed the "Order" portion of the motion and circled "granted." The judge also appointed counsel for appeal and certified the case for appeal. When the reporter's record was not timely filed, the court of appeals abated the appeal and ordered the trial court to make certain findings, including "whether appellant desires to prosecute the appeal[, and] whether appellant is indigent," among others. In compliance with the order, the trial court made findings which were subsequently adopted by the court of appeals, including a finding that appellant desired to prosecute the appeal. Thereafter, the record was filed and briefs were filed by both parties.

The State subsequently filed a motion to abate the appeal, asking that the case be sent back to the trial court to determine whether the trial court "intended to grant Appellant a new trial or intended for Appellant to attempt to gain relief via resort to the appellate process." The court of appeals dismissed the appeal, holding that because the trial court granted the motion for new trial, it had no jurisdiction to consider appellant's appeal or the State's motion to abate. *Taylor v. State*, No. 05-06-01076-CR (Tex. App.–Dallas Sept. 18, 2007). The State has filed a petition for discretionary review, contending that because there is a conflict in the record as to whether the trial court intended to grant a motion for new trial or an appeal, the court of appeals should have abated the appeal to ascertain the trial court's intent. We agree.

The record contains both a granted motion for new trial, and a perfected appeal. The trial court could not have intended both. Faced with a conflicting record concerning its jurisdiction, the court of appeals should have abated to clarify which action was intended by the trial court. TEX. R. APP. P. 44.4; *LaPointe v. State*, 225 S.W.3d 513, 520 (Tex. Crim. App. 2007), *cert. denied*, 128 S. Ct. 544 (2007). We grant the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court with instructions to abate the appeal and order appropriate findings by the trial court.

DELIVERED:   FEBRUARY 27, 2008
PUBLISH