FILED IN
COURT OF CRIMINAL APPEALS

March 17, 2015

ABEL ACOSTA, CLERK

PD-1406-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/17/2015 11:55:07 AM
Accepted 3/17/2015 1:11:01 PM
ABEL ACOSTA
CLERK

**PD-1406-14**

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF TEXAS**

_____

**JOSE RAMIRO DELAROSA,**
**Appellant**
**VS.**
**THE STATE OF TEXAS**
**Appellee**

_____

**REVIEW OF THE DECISION OF THE COURT OF APPEALS, FIFTH DISTRICT IN OPINION NO. 05-14-01020-CR, APPEALED IN CAUSE NO. F14-52888-T FROM THE 283RD JUDICIAL DISTRICT COURT OF DALLAS COUNTY**

_____

**APPELLANT'S REPLY BRIEF TO THE STATE'S BRIEF ON THE PETITION FOR DISCRETIONARY REVIEW**

_____

**LESLIE MCFARLANE**
**State Bar No. 13603500**
**7522 Campbell Rd. Ste.113-216**
**Dallas, TX 75248-1726**
**lwmcfarlane@gmail.com**

**ATTORNEY FOR APPELLANT**

## IDENTITY OF ALL PARTIES

As this is an appeal from a criminal conviction, the only parties are:

Respondent/Appellant: Jose Ramiro Delarosa

Attorney of record on appeal: Leslie McFarlane, 7522 Campbell Rd, Suite 113-216, Dallas, Texas, 75248-1726

Petitioner/Appellee: Dallas County District Attorney, Susan Hawk, 133 N. Riverside Blvd. LB#19, Dallas, Texas 75207

Michael R. Casillas, Assistant District Attorney, 133 N. Riverside Blvd. LB#19, Dallas, Texas 75207

# TABLE OF CONTENTS

IDENTITY OF PARTIES……………………………………….. i

INDEX OF AUTHORITIES ……………………………………. iv

STATEMENT REGARDING ORAL ARGUMENT ……………….. 1

STATEMENT OF THE CASE …………………………………… 2

STATEMENT OF PROCEDURAL HISTORY …………………… 2

RESPONSE TO GROUNDS FOR REVIEW …………………….. 4

1. The Court of Appeals properly dismissed this appeal for lack of jurisdiction due to the unambiguous granting of the motion for new trial in this matter. The case cited by the State as controlling in this matter is specifically not applicable in this situation when a case is appealed from a jury verdict of guilty on a not guilty plea.

2. The Court of Appeals properly dismissed this case for lack of jurisdiction without addressing the allegations of inaccuracies in the record as the record does not contain inaccuracies.

3. The Court of Appeals did not need to address the alleged inaccuracies in the appellate record as the record, on its face, did not contain inaccuracies. To presume the record contained inaccuracies simply because the trial court certified the right to appeal prior to granting the motion for new trial would be to deny the appellant the right to counsel and the right to file a Motion for New Trial.

ARGUMENT ……………………………………………………. 5

PRAYER FOR RELIEF …………………………………………. 13

CERTIFICATE OF SERVICE …………………………………… 15

CERTIFICATE OF COMPLIANCE ………………………………. 15

# INDEX OF AUTHORITIES

## CASES:

Bates v. State
    889 S.W.2d 306 (Tex. Crim. App. 1994) …………………….    11

Hargesheimer v. State
    2006 Tex. App. Lexis 6115 (Tex. App. – Amarillo, 2006, p.d.r.
    refused, 2006 Tex. Crim. App. Lexis 2152 (Tex. Crim. App.
    Nov. 1, 2006)(not designated for publication) ……………….    8

Kirk v. State
    PD-1197-13, del'd January 28, 2015 (Tex. Crim. App. 2015)    10

LaPointe v. State
    225 S.W.3d 513 (Tex. Crim. App. 2007) ……………………..    6

McIntire v. State
    698 S.W.2d 652 (Tex. Crim. App. 1985) ……………………..    7

Olivo v. State
    918 S.W.2d 519 (Tex. Crim. App. 1996) ……………………...    11

Slaton v. State
    981 S.W.2d 208 (Tex. Crim. App. 1998) ……………………….    11

Taylor v. State
    247 S.W.3d 223 (Tex. Crim. App. 2008) …………………    2,5,6,7,13

Taylor v. State
    2008 Tex. App. LEXIS 6981 (2008) (not designated for
    publication) …………………………………………………    6

Taylor V. State
    163 S.W.3d 277 (Tex. App. – Austin, 2005), p.d.r. dism'd 2005    8

Wright v. State
    969 S.W.2d 588 (Tex. App. – Dallas, 1998) …………………..    11

## CODES:

### TEXAS CODE OF CRIMINAL PROCEDURE

Article 44.01 (a) (3) ……………………………………… 10
Article 44.01 (d) …………………………………….. 10
Article 44.02 ……………………………………… 6,7

### RULES:

### TEXAS RULES OF APPELLATE PROCEDURE

Rule 25.2 ……………………………………………. 7
Rule 25.2 (a) (2) …………………………………… 7
Rule 25.2 (a) (2) (A) and (B) …………………………. 6
Rule 33.1 ……………………………………………. 13
Rule 44.4 ……………………………………………. 6
Rule 44.4 (b) ………………………………………… 11
Rule 47.1 …………………………………………….. 10,11

**PD-1406-14**


**IN THE**

**COURT OF CRIMINAL APPEALS**

**OF  TEXAS**

_____

**JOSE RAMIRO DELAROSA,**
                              **Appellant**
          **VS.**

**THE STATE OF TEXAS,**
                              **Appellee**
_____


**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**


The appellant, Jose Ramiro Delarosa, respectfully submits this reply petition brief in the above styled and numbered cause by his appointed counsel of record, Leslie McFarlane.


**STATEMENT REGARDING ORAL ARGUMENT**


In response to the State's request for oral argument, the appellant would request the opportunity to reinforce the fact that the opinion

of <u>Taylor v. State</u>, 247 S.W.3d 233 (Tex. Crim. App. 2008) is not applicable in this case as this appeal is from a jury verdict of guilty after a not guilty plea. The distinction of appellate rights and appellate procedural rules based upon a guilty plea and a not guilty plea are not addressed in <u>Taylor</u> and must be examined prior to extending the <u>Taylor</u> holding to the facts of this case.

## STATEMENT OF THE CASE

The appellant was indicted on March 31, 2014 for the offense of unauthorized use of a motor vehicle. The trial began on July 8, 2014 with a plea of not guilty before the jury. On July 9, 2014 the appellant was found guilty by the jury and sentenced to 18 months confinement and a $1000 fine.

## STATEMENT OF PROCEDURAL HISTORY

On July 8, 2014 the appellant entered a not guilty plea before the jury to the charge of unauthorized use of a motor vehicle. The jury found him guilty on July 9, 2014. On July 9, 2014 the trial court entered the

trial court's certification of the defendant's right to appeal. On August 1, 2014 the appellant filed a pro se notice of appeal. On August 5, 2014 the undersigned counsel was appointed to represent the appellant on appeal. A Motion for New Trial was filed and granted on August 6, 2014. The appellant filed a motion to dismiss the appeal in the Court of Appeals on September 22, 2014. On that same date the Assistant District Attorney filed a motion to abate the appeal. On September 24, 2014 the appellant filed a response to the motion to abate. On October 2, 2014 the Court of Appeals granted the motion to dismiss the appeal for lack of jurisdiction. The State filed a petition for discretionary review on October 17, 2014. The appellant filed a response brief on October 20, 2014. The trial court again heard the case on December 17, 2014. The Court of Criminal Appeals granted the petition for discretionary review on January 28, 2015 and ordered briefs prepared in the matter. On February 6, 2015 the appellant filed a motion to dismiss the petition for discretionary review for lack of a justiciable issue. The State filed a response to the motion on February 9, 2015. The State filed its brief on the merits on February 17, 2015. On February 25, 2015 the Court of Criminal Appeals ordered additional briefs filed on the question of the jurisdiction of the trial court to act in December, 2014 after the State filed a petition for discretionary review. The State's brief and the appellant's

3

brief on the jurisdictional issue were filed on March 11, 2015. The appellant's response brief on the State's petition for discretionary review is due March 19, 2015.

## RESPONSE TO GROUNDS FOR REVIEW

1. The Court of Appeals properly dismissed this appeal for lack of jurisdiction due to the unambiguous granting of the motion for new trial in this matter. The case cited by the State as controlling in this matter is specifically not applicable in this situation when a case is appealed from a jury verdict of guilty on a not guilty plea.

2. The Court of Appeals properly dismissed this case for lack of jurisdiction without addressing the allegations of inaccuracies in the record as the record does not contain inaccuracies.

3. The Court of Appeals did not need to address the alleged inaccuracies in the appellate record as the record, on its face, did not contain inaccuracies. To presume the record contained inaccuracies simply because the trial court certified the right to appeal prior to granting the motion for new trial would be to deny the appellant the right to counsel and the right to file a motion for new trial.

4

## APPELLANT'S ARGUMENT IN RESPONSE TO THE GROUNDS FOR REVIEW

## Analysis for Response for Grounds for Review One, Two and Three

The State argues that the Court of Appeals erred dismissing the appeal in this case for lack of jurisdiction and not abating the appeal to determine the trial court's true intent in the granting of a motion for new trial in this case. It is the opinion of the State that the fact that the record includes the trial court certification of the right of the appellant to appeal the conviction and the granted motion for new trial results in an inconsistent record. Citing Taylor v. State, 247 S.W. 3d 223 (Tex. Crim. App. 2008), the State insists that the trial court cannot certify the right to appeal and grant a motion for new trial. The State asserts that court could not have intended the appellant seek appellate relief and also grant a the new trial. The trial court subsequently answered any question regarding its intent to grant the motion for new trial when the case was again taken to trial on December 17, 2014. When the judgment was entered on that date the fact that the trial court had earlier granted the motion for new trial was acknowledged in the notes of the judgment. (CRsupp1:19)

The State relies on the opinion in <u>Taylor</u>, supra, for the proposition that the certification of the right to appeal and the granting of a motion for new trial are mutually exclusive. The appellant does not question the right of the Court of Appeals to abate an appeal when there are obvious discrepancies in the record, rather, the appellant believes that the record in this case does not contain errors or inaccuracies. See, <u>LaPointe v. State</u>, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007) ("The key to Rule 44.4 is that there must be an error that the appellate court can correct.").

While it is not clear from the opinion in <u>Taylor</u>, supra, the subsequent appellate history indicates that <u>Taylor</u> involved an appeal from a plea bargain case. See, <u>Taylor v. State</u>, 2008 Tex. App. LEXIS 6981 (2008) (not designated for publication)[1]. The right to appeal from a conviction resulting from a plea bargain is severely limited by statute. Tex. Code of Crim. Proc. art 44.02, Tex. R. App. P. 25.2 (a) (2) (A) and (B). In the <u>Taylor</u> case, the appellant had no right to appeal the conviction. This is

---

[1] Appellant waived a jury, pleaded guilty to indecency with a child, and pleaded true to two enhancement paragraphs…**Pursuant to a plea bargain agreement**, the trial court deferred adjudicating appellant's guilt and placed him on 10 years' community supervision. The State later moved to adjudicate guilt, alleging the appellant violated the terms of this community supervision. The trial court granted the motion, adjudicated appellant guilty, found the enhancement paragraphs true, and assessed punishment at twenty-five years' imprisonment. (Emphasis added)

a critical difference from the case at bar. This appellant has an absolute right to appeal the jury verdict. *See*, Tex. Code Crim. Proc. art 44.02 and Tex. R. App. P. 25.2 (a) (2).

The State cannot argue and does not argue that the appellant is not entitled to appeal the conviction. Since the appellant has an unrestricted right to appeal, the fact that the court certified the right to appeal the conviction is not in conflict with the granting of the motion for new trial. In fact, the certification of right to appeal was prepared by the court the day the appellant was found guilty and before the notice of appeal was filed or appellate counsel appointed[2]. If the signing of this document indicates that the trial court wanted to have any questions regarding the conviction resolved on appeal, the signing of the mandated document would preclude the trial court from ever considering a motion for new trial. This reading of the Texas Rules of Appellate Procedure would render the important right to file a motion for new trial meaningless. To apply <u>Taylor</u> to appeals from guilty verdicts based upon a not guilty plea to the jury is to deny the convicted person the absolute right to file a motion for new trial. <u>McIntire v. State</u>, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985).

---

[2] The notes and comments included in the 2002 change to Tex. R. App. P. 25.2 indicate that the certification of the right to appeal should be signed at the time the judgment is announced.

In <u>Taylor v. State</u>, 163 S.W.3d 277 (Tex. App. – Austin, 2005), p.d.r. dism'd 2005, the Court of Appeals was faced with a situation where a hearing on the motion for new trial was set within the 75-day time period mandated by law. When the clerk's record and the reporter's record was filed in the Court of Appeals prior to the hearing the State asserted the trial court lost jurisdiction in the matter due to the Texas Rules of Appellate Procedure and the trial court did not rule on the motion. On appeal, the Court of Appeals held that the appellate rules could not deprive the appellant of the right to have the trial court rule on a timely filed motion for new trial. <u>Taylor</u>, (Austin), supra at 282. If the Texas Rules of Appellate Procedure are interpreted as requested by the State, the important, statutory right to file and have heard a motion for new trial will be abrogated not by the Texas Legislature but by rules implemented by the Court of Criminal Appeals.

As previously noted, the certification of the right to appeal was filed on the day the verdict was entered. The claim that the certification of right to appeal denied the accused the right to file a motion for new trial was addressed in <u>Hargesheimer v. State</u>, 2006 Tex. App. Lexis 6115 (Tex. App. – Amarillo, 2006, p.d.r. refused, 2006 Tex. Crim. App. Lexis 2152

(Tex. Crim. App. Nov. 1, 2006) (not designated for publication). In that case the Court of Appeals stated:

> The trial court's certification was and is of no import *viz* his right to file a motion for new trial. The latter right is absolute, *McIntire v. State*, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985) (stating that he right to file and have heard a motion for new trial is deemed absolute provided the right is asserted within the time period specified by law), and not dependent upon perfecting an appeal. Nor is the converse true; the right to perfect an appeal is not dependent upon the right to move for a new trial. The two are distinct procedures. Indeed, a new trial may be granted irrespective of whether a certification or notice of appeal is filed.

The fact that the trial court certified the right to appeal the jury verdict on the day the verdict was entered cannot deny the trial court jurisdiction to consider a motion for new trial. To do so would deny the convicted person statutorily protected rights.

It is important to note that the Texas Rules of Appellate Procedure do not provide the appellant any provision to object to the certification of the right to appeal. If this court is going to hold that a certification of the right to appeal bars the statutory right to file a notice of appeal, then the appellant must be allowed to object to the filing of the certification of right to appeal until after the motion for new trial is filed. Further, can the trial court enter a certification of right to appeal when the appellant does not have appointed counsel? In this case the certification of right to appeal was entered prior to the appointment of counsel. Can such

an important document waiving statutory rights to a motion for new trial be entered when the appellant is without counsel? These are the questions that arise from the State's interpretation of the Texas Rules of Appellate Procedure.

Again, the appellant does not object to this Court's ruling in Taylor, supra that a certification of the right to appeal **from a guilty plea pursuant to a plea bargain agreement** and the granting of a motion for new trial might require the abatement of an appeal to determine the true intent of the court[3]. In this situation where the appellant has an absolute right to appeal, the certification of the right to appeal cannot preclude the trial court from considering a motion for new trial.

The State asserts that the Court of Appeals erred in not addressing every issue raised in the appeal in this case pursuant to the Tex. R. App. P. 47.1. The Court of Appeals did not address the issues in the State's response to the motion to dismiss the appeal because the State did not appeal the granting of the motion for new trial. See, Tex. Code Crim. Proc. art. 44.01 (a) (3) and (d). The appeal in this case was limited to

---

[3] Of course the appellant also asserts that in that situation the proper appellate procedure requires the State to file a timely notice of appeal. The State did not file a notice of appeal in this case. Further, the opinion in Kirk v. State, (PD-1197-13, Tex. Crim. App. del'd January 28, 2015, rehearing filed) will allow the court to rescind a motion for rehearing, prior to an appeal or retrial, if the granting of a motion for new trial is questionable.

the guilty verdict of the jury. Once the trial court granted the motion for new trial, the guilty verdict no longer existed and there was nothing to appeal as the case was returned to the position as that before the jury trial. Bates v. State, 889 S.W.2d 306, 311 (Tex. Crim. App. 1994). Any question regarding the trial court's action in granting the motion for new trial on August 6, 2014 should have been raised in the trial court or with a notice of appeal filed by the State in a timely matter. Once the motion for new trial was granted the Court of Appeals lost jurisdiction in the matter and could not address the issued raised by the State for the first time in the response to the motion to dismiss. Wright v. State, 969 S.W.2d 588, 589 (Tex. App. – Dallas 1998, no pet.). When the Court of Appeals has no jurisdiction in an appeal, the Texas Rules of Appellate Procedure cannot confer jurisdiction over any other question before the court. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Where there is no jurisdiction there can be no other issue necessary to the final disposition of the appeal. The Tex. R. App. P. 47.1 cannot be used to confer jurisdiction on an appellate court when the provisions of the Code of Criminal Procedure are not followed. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Similarly, the State cannot invoke Tex. R. App. P. 44.4 (b) to require that the Court of Appeals remand the case to the trial court due to

11

the failure of the trial court to act or because of the trial court's erroneous actions. The record, on its face, does not contain an erroneous act. The record simply reflects a decision of the trial court that the State disagrees with. The proper remedy was for the State to timely file a notice of appeal, which it did not do. Again, the Texas Rules of Appellate Procedure cannot be used to confer jurisdiction upon an appellate court in violation of the Texas Code of Criminal Procedure. <u>Slaton</u>, supra.

The appellant incorporates all the arguments previously made in this case including the jurisdictional questions addressed in the brief ordered by this court on February 15, 2015 and filed on March 11, 2015. The arguments regarding jurisdiction will not be repeated in this brief having been answered in the March 11, 2015 brief.

The appellant will not address the issues regarding the alleged irregularities in the new trial held on December 17, 2014. That proceeding is not before this court except as a reason for dismissing the previously granted petition for discretionary review. The State had the opportunity to present any objections to the trial court at the time the State brought the case to retrial. Again, the State did not raise any objections and did not appeal the decision of the trial court on December 17, 2014. The arguments made above, citing the need for the State to timely appeal those

issues raised at trial, would also apply to the December 17, 2014 trial. Just as the defendant has the responsibility to first raise and timely object in the trial court before addressing an issue on appeal, the State has the responsibility to timely raise any and all objections at the trial court level before raising an issue on appeal. Tex. R. App. P. 33.1.

The record in this case indicates that the Court of Appeals properly dismissed this appeal for lack of jurisdiction when the trial court granted the motion for new trial. There was no error presented in the trial court record that mandated the appeal be abated. The case law cited by the State cannot serve to deny the appellant his legal right to file and have considered a motion for new trial simply because the mandated certification of right to appeal was filed by the trial court. The Court of Appeals properly dismissed this appeal and this court should deny the relief sought by the State in this petition for discretionary review.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the appellant asks this court to limit the opinion in <u>Taylor</u> to those situations where an appeal

is made from a plea bargained guilty plea and not expand the law to include those appeals from a not guilty plea to a jury. The appellant asks this court to find that the Court of Appeals acted properly in this case by dismissing the appeal when the trial court granted the motion for new trial. The appellant asks this court to find that any objections to that ruling should have been raised by the State in a timely filed appeal. The appellant prays this court find that the State cannot defy the Texas Rules of Appellate Procedure in failing to preserve error at the trial court level and in failing to file a timely notice of appeal while at the same time restrict the Rules of Appellate Procedure when the appellant has the right to file a timely motion for new trial. The appellant prays this court deny all relief sought in the State's petition for discretionary review.

Respectfully submitted,

/s/ Leslie McFarlane
State Bar No. 13603500
7522 Campbell Rd., Ste 113-216
Dallas, TX 75248-1726
(972) 934-1721
lwmcfarlane@gmail.com

ATTORNEY FOR RESPONDENT/APPELLANT

14

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing brief was electronically served on Michael Casillis of the Dallas County District Attorney's Office and on the State's Prosecuting Attorney at the time of the efiling of this brief in the Court of Criminal Appeals via the State provided electronic filing service on March 17, 2015.

/s/Leslie McFarlane

## WORD COUNT CERTIFICATE OF COMPLAINCE

The undersigned attorney certifies that this document was prepared on the computer program Word for Mac 2011 and contains 3851 words.

/s/ Leslie McFarlane

15