**Order entered July 17, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-18-01545-CR**
**No. 05-18-01546-CR**
**No. 05-18-01547-CR**
**No. 05-18-01548-CR**
**No. 05-18-01549-CR**
**No. 05-18-01550-CR**

---

**LUIS ANGEL RUEDA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-51915-V, F18-51916-V, F18-51917-V,**
**F18-75237-V, F18-75268-V & F18-24000-V**

---

## ORDER

Luis Angel Rueda appeals his convictions for four aggravated robberies, possession of a controlled substance, and theft of a firearm. Each clerk's record contains the trial court's certification of appellant's right to appeal. The certification for appeal #05-18-01547-CR (trial court #F18-51917-V) has no boxes checked. The remaining certifications all state "the defendant has waived the right to appeal." After reviewing the certifications, the clerk's records, and the reporter's records, the Court has concerns regarding the accuracy of the certifications.

A certification of the right to appeal is defective if it is contrary to the record before the appellate court. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). An appellate court is obligated to review the record to determine whether the certification of the right to appeal is accurate or contrary to the record before the court and therefore defective. *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016).

When the alleged waiver is executed as part of a plea agreement, we look to the written agreement and the formal record to determine the terms of the parties' agreement. *Id*. A waiver of the right to appeal made before sentencing is valid and enforceable under two conditions: (1) if the defendant knows the punishment that will be assessed at the time he executes the waiver or (2) the State provides appellant with consideration in exchange for the waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

In the present cases, the September 10, 2018 plea agreement forms that appellant signed each state that appellant's plea is open as to community supervision, deferred adjudication, fine, restitution and "other" with the handwritten notation "treatment." On the second page, there is a check mark in the box that states:

> I understand that I do not have a right to appeal to the Court of Appeals if the Court follows the terms of the State's recommendation as to sentencing. I understand that I do have a right to appeal to the Court of Appeals in any open plea. However, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal.

However, nothing in the clerk's records or reporter's record shows appellant and the State bargained for an agreed punishment. Furthermore, the record does not show the State made any recommendations on punishment or provided appellant with consideration for his waivers of the

right to appeal. At the hearing on September 10, 2018, appellant pleaded guilty and the pleas were accepted. The cases were then passed for punishment.

On December 18, 2018, appellant appeared in court. The trial court stated the parties were there on "an open plea for sentencing." Witnesses testified for each side. At the conclusion of the trial, the trial court found appellant guilty and assessed punishment at 180 days in state jail for cause numbers 05-18-01545-CR (trial court #F18-51917-V) and 05-18-01550-CR (trial court #F18-24000-V); the trial court assessed punishment at fifteen years in prison for each of the four remaining cases. The following then occurred:

THE COURT: I'm going to hand you a copy of the Trial Court Certification of your right to appeal. You appear to have signed all of those. Did you understand all of those when you signed them, Mr. Rueda?

DEFENDANT: Yes, sir.

THE COURT: Can you afford an attorney?

DEFENDANT: No, sir.

THE COURT: For appeal?

DEFENDANT: No, sir.

THE COURT: All right, I'll have one appointed for you.

Based on the appellate record before this Court, it appears that the district court's certifications that appellant waived his right to appeal may be incorrect. *See Dears*, 154 S.W.3d at 614. *Cf. Taylor v. State*, 247 S.W.3d 223, 224 (Tex. Crim. App. 2008) (concluding trial court could not have intended both where record showed trial court granted motion for new trial but appointed counsel for appeal and certified case for appeal).

We **ORDER** the trial court to issue amended certifications accurately reflecting the trial court proceedings.

We **ORDER** the trial court to have a supplemental record containing the amended certifications filed with this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Brandon Birmingham, Presiding Judge, 292nd Judicial District Court, and to counsel for all parties.

These appeals are **ABATED** to allow the trial court to comply with the above order. The appeals shall be reinstated thirty days from the date of this order or when the amended certifications are received, whichever is earlier.

/s/ LANA MYERS
   JUSTICE