**Order entered July 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00389-CR

**REBECCA GOERDEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-30578-V**

## ORDER

After reviewing the record in this appeal, the Court has questions concerning its jurisdiction. Specifically, the record shows appellant entered into a plea bargain agreement with the State. The March 22, 2019 written plea agreement shows appellant agreed to plead guilty and waive her right to appeal in exchange for an agreed ten-year sentence, probated for nine years. The reporter's record reflects the trial court admonished appellant she was waiving her right to appeal by pleading guilty and that she would not be able to appeal if the trial court followed the terms of the plea bargain. When asked if she understood, appellant replied "Yes, sir." Nevertheless, the clerk's record contains a March 28, 2019 certification of appellant's right to appeal and an April 1, 2019 certification of appellant's right to appeal, each of which states this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant

has the right to appeal." It is not clear from the record that the trial court gave appellant permission to appeal. Because we are faced with a conflicting record concerning our jurisdiction, we will abate this appeal for the trial court to clarify whether (1) appellant waived her right to appeal under a plea bargain agreement with the State, or (2) although appellant waived her right of appeal in a plea bargain agreement with the State, the trial court gave appellant permission to appeal and appellant has the right of appeal. *Cf. Taylor v. State*, 247 S.W.3d 223, 224 (Tex Crim. App. 2008) (the appellate court should abate for the trial court to clarify whether it intended to grant a motion for new trial or an appeal).

We **ORDER** the Honorable Brandon Birmingham**,** Presiding Judge, 292nd Judicial District Court, to issue, **on or before AUGUST 16, 2019**, either (1) an amended certification of appellant's right to appeal that accurately reflects the trial court proceedings, or (2) written findings explaining why appellant has permission to appeal despite the record showing she does not. If necessary, the judge may review the reporter's record or clerk's record to refresh his recollection of the proceedings. *See Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

We **ORDER** Dallas County Clerk Felicia Pitre to file a supplemental clerk's record containing the trial court's amended certification of appellant's right to appeal **on or before AUGUST 23, 2019**.

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Brandon Birmingham**,** Presiding Judge, 292nd Judicial District Court; Dallas County Clerk Felicia Pitre; and counsel for the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. It shall be reinstated when the supplemental clerk's record is filed or by August 26, 2019, whichever is earlier.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE