**Order entered October 30, 2020**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01570-CR

### JUAN MARTIN PEDROZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F18-75239-H

### ORDER

Appellant was charged with and convicted of the first-degree offense of murder. After reviewing the record in this appeal, the Court has questions concerning its jurisdiction over this appeal. The clerk's record shows that, on October 9, 2019, appellant entered into a written plea bargain agreement with the State in which he agreed to plead guilty and waive his right to appeal. The agreement is signed by appellant, appellant's counsel, the State, and the trial judge. Although the written agreement states it is an "open" plea, the reporter's record

reflects that the State and appellant agreed to "cap" punishment at twenty-five years in prison in exchange for appellant's guilty plea. However, the clerk's record contains a December 6, 2019 certification of appellant's right to appeal, stating this "is a not a plea-bargain case, and the defendant has the right of appeal." Furthermore, after sentencing, the trial court stated, "There will be a trial certification because this was an open case."

A defendant waives his right to appeal when he agrees to plead guilty in exchange for the State's recommendation of a cap on punishment, and the trial court follows the agreement. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.). Under these circumstances, the requirements of rule 25.2(a)(2) apply. *Shankle*, 119 S.W.3d at 813–14.

Because we are faced with a conflicting record concerning our jurisdiction, we will abate this appeal for the trial court to clarify whether appellant, who otherwise waived his right of appeal by entering into a plea bargain agreement with the State, was granted permission to appeal by the trial court. *Cf. Taylor v. State*, 247 S.W.3d 223, 224 (Tex Crim. App. 2008) (the appellate court should abate for the trial court to clarify whether it intended to grant a motion for new trial or an appeal).

We **ORDER** the Honorable Tina Yoo Clinton**,** Presiding Judge, Criminal District Court No. 1, to issue, **on or before November 13, 2020**, an amended certification of appellant's right of appeal that accurately reflects the trial court proceedings. If necessary, the judge may review the reporter's record or clerk's record to refresh her recollection of the proceedings. *See Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

We **ORDER** Dallas County Clerk Felicia Pitre to file a supplemental clerk's record containing the trial court's amended certification of appellant's right to appeal **on or before November 20, 2020**.

We **DIRECT** the Clerk of this Court to send a copy of this order to the Honorable Tina Yoo Clinton**,** Presiding Judge, Criminal District Court No. 1; Dallas County Clerk Felicia Pitre; and counsel for the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. It shall be reinstated when the supplemental clerk's record is filed or the Court deems it appropriate to do so.

/s/    LANA MYERS
       JUSTICE