

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0653-23

### STATE OF TEXAS, Appellant

### V.

### ANTHONY ANDREW VALLE, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Appellee was charged with aggravated sexual assault of a child, pleaded not guilty, and elected to be tried by a jury. TEX. PEN. CODE § 22.021(a), (e). Appellee filed an election under Article 37.07, § 2(b) of the Code of Criminal Procedure to have the jury decide punishment. TEX. CODE CRIM. PROC. art. 37.07, § 2(b). The statute requires that an election be filed before voir dire begins. *Id.* Appellee's election was file-stamped on November 9,

2021, the day after voir dire began.

The jury found Appellee guilty. During the punishment phase, he filed a motion to recuse the trial judge and a motion for mistrial. His motion to recuse was granted, and the new trial judge appointed to his case granted his motion for mistrial as to both guilt and punishment.

On appeal, the State argued that Appellee was not entitled to a mistrial on guilt. The court of appeals agreed, finding that because Appellee's election was filed one day after voir dire began, Article 37.07, § 2(b) did not provide a valid basis for the trial court's decision to grant a mistrial on guilt. The court of appeals reversed the portion of the trial court's order granting Appellee's motion for mistrial as to the guilt phase of trial and affirmed the remaining portion of the order granting a mistrial as to the punishment phase of trial. *State v. Valle*, No. 01-22-00279-CR (Tex. App.—Houston [1st Dist.] Aug. 24, 2023).

Appellee has filed a petition for discretionary review and argues that the file-stamped date of November 9, 2021, on his election is a clerical error. He points to other documents in the record that are clearly file-stamped with the wrong dates. He urges this Court to grant his petition, reverse the court of appeals' judgment, and abate his case.

We grant Appellee's petition for discretionary review, vacate the judgment of the court of appeals, and remand the case to the court of appeals. The court of appeals shall abate the case so the trial court can determine whether the November 9, 2021 date is a clerical error and, if so, further determine when Appellee's election was filed. *See* TEX. R. APP. P. 44.4;

*Taylor v. State*, 247 S.W.3d 223, 223–24 (Tex. Crim. App. 2008) (given conflicting record, court of appeals should have abated case so trial court could clarify which action it intended). If the court of appeals determines that the election was, in fact, filed before voir dire began, the court shall reconsider the State's point of error claiming that Appellee was not entitled to a mistrial on guilt.

DATE DELIVERED:   January 17, 2024
DO NOT PUBLISH