

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0958-11

**PETER HENERY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN and ALCALA, JJ., joined. MEYERS, J., not participating.

### O P I N I O N

A conflict exists in the record between the trial court's oral denial of a motion to quash Appellant's information and its subsequent written order granting the same motion. The State asks this Court to reverse the judgment of the court of appeals, which held that the trial court lost jurisdiction to accept Appellant's guilty plea after it signed the order

granting his motion to quash. *Henery v. State*, No. 14-09-00996-CR, 2011 Tex. App. LEXIS 1344, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011) (mem. op., not designated for publication). We granted the State's petition for discretionary review, and we vacate the judgment of the court of appeals because the plain language of Texas Rule of Appellate Procedure 44.4 required the court of appeals to abate the case.

## FACTS AND PROCEDURAL HISTORY

Appellant, Peter Henery, was charged with indecent exposure, enhanced with a prior conviction for the same offense. *Henery*, 2011 Tex. App. LEXIS 1344, at *1. Based on a defect, he filed a pre-trial motion to quash the information. The trial court orally denied that motion but later signed a written order granting the motion to quash and striking the information. Even though the trial court signed the written order quashing the information, Appellant pled guilty six days later pursuant to a plea bargain, and the trial court accepted his plea and assessed punishment at sixty days' confinement.

On appeal, Appellant contended that the trial court lacked jurisdiction to accept his guilty plea, to sentence him, or to sign the judgment because the case was dismissed (and, thus, the trial court lost jurisdiction) when the trial court signed the order quashing the information. The Fourteenth Court of Appeals agreed. It held that, because the trial court lost jurisdiction over the case when the information was quashed, any actions subsequently taken by the trial court were void. *Id.* (citing *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. [Panel Op.] 1980)). The court also noted that the State had

neither filed a motion nunc pro tunc[1] nor requested an abatement. *Id*. at *2.

Justice Boyce filed a dissenting opinion. *Id*. (Boyce, J., dissenting). Noting the contradiction between the written order and the oral denial, Justice Boyce reasoned that it was possible that the written order was the result of a clerical error.[2] He also argued that the court of appeals had the authority to abate the appeal, and as such, the court should have remanded the case to the trial court to conduct a hearing to determine whether the written order was signed as the result of a clerical error, regardless of whether the State asked for an abatement or not.

We granted the State's petition for discretionary review challenging the holding of the court of appeals. We hold that the abatement issue is dispositive, and as a result, we need not address the State's other grounds for review.[3]

---

[1] A nunc pro tunc order is entered to correct an error in the court records that was not correctly entered at the proper time. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980).

[2] Errors are considered clerical in nature if they do not arise as the product of judicial reasoning. *Alvarez*, 605 S.W.2d at 617.

[3] The State's precise grounds for review are as follows:
> (1) The Fourteenth Court of Appeals erred in failing to treat the trial court's written ruling on the appellant's motion to quash as nothing more than a clerical error, especially in light of the other evidence in the record revealing that the appellant's motion to quash has been denied.
> (2) The Fourteenth Court of Appeals erred in failing to abate the appeal to have the trial court correct the clerical error in the written ruling on the appellant's motion to quash.
> (3) The Fourteenth Court of Appeals erred in ignoring the trial court's oral order denying the appellant's motion to quash, and this Court should resolve the question of whether an oral pronouncement of an order controls over a written pronouncement.

**ARGUMENTS OF THE PARTIES**

The State contends that, according to an examination of the entire record, the oral denial should control over the written order, and the written order should be recognized as a clerical error. *See State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) (quoting *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Alternatively, the State argues that if the record is unclear, the court of appeals should have abated the case so that the trial court could determine if an error was made. The State avers that the plain language of Texas Rule of Appellate Procedure 44.4 gives the court of appeals the authority to abate the case. The State concedes that it has not yet filed a motion for judgment nunc pro tunc seeking a hearing to determine if the written order was signed as the result of a clerical error, but it argues that it can still file such a motion because the trial court retains continuing jurisdictional authority to correct clerical errors.

In contrast, Appellant argues that, because the State did not ask for an abatement in its original brief to the court of appeals, the issue of abatement was not preserved for review. Alternatively, Appellant asserts that the Texas Rules of Appellate Procedure do not make it mandatory for the court of appeals to abate Appellant's appeal under these facts. Specifically, Appellant contends that an abatement is not required when a party disagrees with the plain language of the written order, which, in this case, establishes that the motion was granted and the information was struck. Appellant also argues that Texas

Rule of Appellate Procedure 44.4 is not applicable here because there were no defects or irregularities to correct nor was there any erroneous action or failure to act by the trial court. *See LaPointe v. State*, 225 S.W.3d 513, 521 (Tex. Crim. App. 2007).

## DISCUSSION

Rule 44.4 of the Texas Rules of Appellate Procedure states that the "court of appeals *must* not affirm or reverse a judgment or dismiss an appeal," and it "*must* direct the trial court to correct the error" if two preconditions exist.[4] Tex. R. App. P. 44.4 (emphasis added). Those preconditions are, first, that "the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals" and, second, that "the trial court can correct its action or failure to act." *Id.* at (a). Once the trial court corrects the error, the court of appeals should proceed as if the error had not occurred. *Id.* at (b). Due to the mandatory language of Rule 44.4, if the preconditions are satisfied, the court of appeals must abate the case, even if neither the State nor the defendant has requested the abatement.

Rule 44.4 controls this case because both of the preconditions provided by that rule

---

[4] Texas Rule of Appellate Procedure 44.4 states,
(a) *Generally*. A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
    (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
    (2) the trial court can correct its action or failure to act.
(b) *Court of Appeals Direction if Error Remediable*. If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

exist. First, the trial court's oral denial of the motion to quash and its written order granting the same motion are in conflict. Hence, the case could not be properly presented to the court of appeals[5]—the trial court's jurisdiction over the case, and thus the jurisdiction of the court of appeals, is determined by which ruling of the trial court controls. If the trial court intended to grant the motion to quash, it lost jurisdiction when it signed the written order. However, if the trial court intended to deny the motion to quash, it has continuing jurisdiction over the case.

Second, only the trial court is in the position to know whether the grant or denial was intended. *See id.* at (a)(2). An abatement would allow the trial court, via a hearing, to remedy the conflict in the record by stating whether the oral denial or the written order was intended to control. *Id.* If the trial court answers that the written order quashing the information was, in fact, a clerical error, it has continuing authority to enter a nunc pro tunc order correcting the mistake. *See Alvarez*, 605 S.W.2d at 617 ("Even though thirty days have passed after the entry of a judgment, a trial court retains the power to enter a nunc pro tunc order correcting any 'clerical error' which may appear in the judgment."). If the trial court intended for the written order to control, it should state so at the hearing. The State may then appeal the decision, and at that point, the case would be properly presented to the court of appeals.

Consequently, because both of the preconditions provided by Rule 44.4 are met

---

[5] *See id.* at (a)(1).

here, the court of appeals was required to abate the matter to the trial court so that the trial court could clarify which action was intended.

Our holding is consistent with *Taylor v. State*, 247 S.W.3d 223 (Tex. Crim. App. 2008), in which we addressed a similar issue. In *Taylor*, the trial judge signed the appellant's motion for new trial and circled "granted." *Id.* at 223. However, the trial judge also certified the case for appeal and appointed counsel for appeal. The State filed a motion to abate the appeal, asking that the case be remanded to the trial court to determine if a new trial or an appeal was intended. The court of appeals dismissed the appellant's appeal for want of jurisdiction because the trial court had granted the motion for new trial. Relying on Rule 44.4, this Court held that the court of appeals should have abated the appeal due to the conflict in the record. *Id.* at 223-24. The trial court could not have intended to both grant a motion for new trial *and* perfect an appeal. *Id.* at 224.

As in *Taylor*, the record here reveals a conflict that prevents the proper presentation of Appellant's case on appeal. The trial court could not have intended for both the denial and the grant of Appellant's motion to quash the information to control. As the State argues, it appears that the written order was signed as the result of a clerical error, given that Appellant pled guilty and the State did not file an appeal. However, there has been no such determination at the trial level, and an appellate court can not presume such. Thus, it was the duty of the court of appeals to abate the case so that the trial court could clarify which action was intended. Tex. R. App. P. 44.4; *see also*

*LaPointe*, 225 S.W.3d at 521.

We vacate the judgment of the court of appeals and remand this case to that court with instructions to abate the appeal and order appropriate findings by the trial court.

Hervey, J.

Delivered: April 25, 2012

Publish