**Abatement Order filed October 16, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00289-CR
_____

## EX PARTE TYGER WADE LUCAS

**On Appeal from the County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Cause No. 1811823**

## ABATEMENT ORDER

This case comes to us with an unusual procedural history. Tyger Wade Lucas was arrested in July 2011 on suspicion of driving while intoxicated. Five months later, Lucas filed a motion to dismiss the charging instrument and a motion for discovery and inspection of evidence. In his motion to dismiss, Lucas argued that his innocence was conclusively shown by evidence proving that his blood alcohol level had fallen within legal limits. Lucas also argued that his case should be dismissed because he was denied access to exculpatory evidence, he was deprived of his constitutional right to a speedy trial, and he was denied equal protection under the law.

The trial court signed an order dismissing the charging instrument, citing unspecified "constitutional violations." Visiting Judge Mark Atkinson presided over the court during this stage of the proceeding. The record does not reflect that Judge Atkinson conducted a hearing on Lucas's motion, or that he afforded the State an opportunity to respond to the motion. Indeed, the record shows that Judge Atkinson signed his order the very day that Lucas filed his motion.

Despite the trial court's clear directive, proceedings continued as though the charging instrument had never been dismissed. On the same day that the dismissal order was signed, the trial court signed two other documents: one granting Lucas a discovery order, and the other rescheduling his case for a later pretrial setting. The case reset form contains notations that a video in evidence had recently been produced, and that defense counsel needed time to review it "due to delay." The form also reflects that DIVERT and other plea options remained open for discussion. When the next case setting occurred, Lucas filed two more motions to dismiss the charging instrument. Both motions were based on essentially the same grounds as Lucas's original motion, and neither mentioned the trial court's prior order of dismissal. No ruling was made on either motion. Instead, the trial court signed another case reset form setting a date for trial by jury.

Before the trial date arrived, Lucas filed an application for writ of habeas corpus, claiming that the trial court lacked jurisdiction over the case because the charging instrument had been dismissed and the court's plenary power had lapsed. The record contains an unsigned court directive order dated three days after the application, dismissing the cause "per order of the court." The State filed no appeal.

Apparently believing that the case had been dismissed without prejudice, the State refiled the charging instrument under a new cause number. Lucas again sought habeas corpus relief, including an order to quash the information and dismiss the new charges. In a hearing before the trial court, this time with Judge Jean Spradling Hughes presiding, Lucas argued that the State was strictly prohibited from filing new charges. Lucas cited article

2

28.061 of the Texas Code of Criminal Procedure, which bars subsequent prosecutions after a charging instrument has been dismissed on speedy trial grounds. The State responded with the contention that speedy trial issues had never been implicated, and that the charging instrument could be refiled under Article 28.04. The State also asserted, in conclusory manner, that Judge Atkinson's signing of the dismissal order had been inadvertent.

The trial court denied all requested relief without entering findings of fact and conclusions of law. Lucas filed a notice of appeal, and all proceedings below have been stayed pending our decision in this case. In two issues, Lucas asks us to decide whether the State was barred from refiling the charging instrument, and whether the trial court abused its discretion in refusing to dismiss the case on speedy trial grounds.

Lucas's first issue requires that we assess the trial court's jurisdiction following its order of dismissal. If the order is given effect, then the trial court lost its plenary power to act further.

The State argues, however, that the dismissal order should not be given effect because Judge Atkinson's singing of the order was clerical error. The State only directs us to a single case for authority, *Lemus v. State*, No. 08-00-00428-CR, 2002 WL 31320651 (Tex. App.—El Paso Oct. 17, 2002, pet. ref'd) (not designated for publication). In *Lemus*, the defendant filed a motion with the trial court to set aside the charging instrument for failing to afford him a speedy trial. *Id.* at *1. The trial court orally denied the motion on the record, but signed an order granting the dismissal. *Id.* After the case proceeded to trial, the defendant asked the court of appeals to set aside his conviction, citing the trial court's written order dismissing the indictment. *Id.* at *2. Confronted with the trial court's two conflicting rulings, the court of appeals reasoned that the written order should be treated as a clerical error because "[a]ll indications in the record demonstrate that the oral pronouncement is the correct manifestation of the court's intention." *Id.*

We perceive three problems with the State's reliance on *Lemus*. First, as an unpublished opinion, *Lemus* has no precedential value. *See* Tex. R. App. P. 47.7(a).

Second, even if *Lemus* did provide persuasive authority, it is factually distinguishable. There is no indication here that the trial court made a conflicting oral pronouncement, and even if it had, we have no record of the pronouncement. Also, unlike in *Lemus*, more than one judge was involved in this case, and the judge who granted the dismissal was not the same judge who presided over the remainder of the proceedings. Third, and perhaps most importantly, *Lemus* seems to be in tension with other authorities requiring a court of appeals to abate for findings of fact, rather than resolve conflicts on its own.

The court of criminal appeals recently discussed in *Henery v. State* the need for abatement in cases where a trial court's order is inconsistent with other rulings. 364 S.W.3d 915 (Tex. Crim. App. 2012). The conflict in *Henery* arose when the trial court orally denied a motion to quash, but signed an order granting the same. *Id.* at 916–17. The defendant subsequently entered a plea bargain, then argued on appeal that the trial court had lost its jurisdiction to sentence him. *Id.* at 917. Noting the conflict between the two rulings, the court of criminal appeals observed that the written order could have been the result of a clerical error. *Id.* at 919. In such circumstances, the court held that an intermediate appellate court is required by rule to abate the appeal so that the trial court may clarify which decision was actually intended. *Id.* (citing Tex. R. App. P. 44.4); *see also Taylor v. State*, 247 S.W.3d 223 (Tex. Crim. App. 2008) (per curiam) (holding that abatement was required when trial court signed one order granting a motion for new trial and another certifying the case for appeal).

Our record shows the trial court ordered a dismissal of the charging instrument, but continued to proceed with the case as though no dismissal had occurred. We find it highly improbable that the trial court could have intended both courses of action. Accordingly, we remand this case for a hearing so that the trial court can determine the circumstances surrounding the order of dismissal. *See* Tex. R. App. P. 44.4; *Henery*, 364 S.W.3d at 919; *Smith v. State*, 801 S.W.2d 629, 633 (Tex. App.—Dallas 1991, no pet.). The hearing shall be conducted on or before **November 15, 2012**. If it is determined that the case was

4

erroneously ordered to be dismissed, the trial court should correct the erroneous order. The trial court shall order a record of the hearing filed with this Court. In addition, the trial court's findings of fact related to its action, and any related documents, shall be included in a supplemental clerk's record. These records shall be filed with the Clerk of this Court on or before **November 26, 2012**.

Without expressing any opinion on the merits of Lucas's case, we abate this appeal, treat it as a closed case, and remove it from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and conclusions are filed in this Court.

It is so ORDERED.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.