

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00129-CR

JAMES CUNNINGHAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 85th District Court
Brazos County, Texas
Trial Court No. 14-04342-CRF-85

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

James Cunningham appeals his jury conviction in Brazos County[1] of the third degree felony offense of unlawful possession of a firearm by a felon,[2] with a deadly weapon finding, the punishment range of which was enhanced to that of a second degree felony. Under this conviction and enhancement, Cunningham was sentenced by the trial court to twenty years' confinement. Although we find it necessary to modify the judgment to reflect that Cunningham was convicted of only a third degree felony (not a second degree felony), we affirm the trial court's judgment because (1) the trial court had jurisdiction to hear the matter, (2) the evidence is sufficient to support the conviction, and (3) Cunningham failed to preserve error relative to the complaint that his sentence was improperly enhanced.

## I. The Trial Court Had Jurisdiction

On September 4, 2014, the State indicted Cunningham for the offense of unlawful possession of a firearm by a felon. On June 12, 2015, the State filed its "Notice of Enhancement to Habitual Felon," in which it identified a second felony conviction and its intent to seek enhanced sentencing under Section 12.42(d) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016). On June 15, 2015, Cunningham filed his objection to the enhancement notice, in which he requested that the trial court "quash and set aside or dismiss the enhancement in this case."

---

[1] Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

The trial court conducted a hearing on the State's notice to seek habitual felon sentencing, at which Cunningham claimed that the notice created unfair surprise and impaired his defensive strategy. The trial court sustained Cunningham's objection to the State's proposed enhancement, stating, "I'm going to grant the objection to the enhancement to habitual." The trial court thereafter entered a written order, which stated, "On this 15 day of June, 2015, the court having considered the foregoing *Motion to Quash Enhancement* hereby (DENIES said motion) (GRANTS said motion . . . and orders the indictment be set aside and dismissed)." The pro forma order (which is located at the bottom of the motion to quash) reveals that the word "GRANTS" is circled.

Cunningham contends that the referenced order effectively quashed the indictment, thereby dismissing the case from further consideration by the trial court, denying it further jurisdiction. The State disputed this, contending that the referenced order contained a clerical error, pointing out that Cunningham's motion sought only to quash the enhancement.[3] The parties thereafter proceeded to trial, and at the sentencing hearing, the State sought an enhanced sentence in the second degree felony range, relying on only one prior felony conviction.[4]

---

[3]Cunningham filed a separate motion to quash the indictment which also was apparently filed June 15, 2015. This motion, however, is based on the "vague and indefinite" nature of the indictment that purportedly failed to "properly place the defendant on notice of the specific dates that the alleged offense of Possession of a Firearm by a Convicted Felon occurred." While the trial court did not enter a written order on this motion, it orally denied the motion to quash the indictment before ruling on the motion to quash the enhancement provision. After Cunningham presented the motion to quash the indictment at the June 15 hearing, the trial court stated, "I'm going to deny the motion to quash." Later in the hearing, the trial court granted Cunningham's objection to the enhancement.

[4]By way of further explanation, the State had first sought to enhance Cunningham's punishment range to that of a first degree felony, relying on Section 12.42(d) of the Texas Penal Code. After the trial court's ruling, it ultimately sought only to enhance the penalty range to that of a second degree felony pursuant to Section 12.42(a) of the Texas Penal Code.

We abated this matter to the trial court in accord with Rule 44.4 of the Texas Rules of Appellate Procedure[5] and *Henery v. State*, 364 S.W.3d 915 (Tex. Crim. App. 2012),[6] solely to determine whether the trial court intended the oral pronouncement quashing the habitual offender enhancement to control, or whether the trial court intended the written order purporting to quash the indictment to control. In response to that abatement, we received a supplemental record from the trial court showing that "it was the intent of the Court to grant the motion to quash the enhancement not the indictment." We have likewise been presented with a supplemental clerk's record which includes a correction to the original order, stating that "the Court having considered the foregoing *Motion to Quash Enhancement* hereby GRANTS said motion and orders the Notice

[5]Rule 44.4 provides:

        (a)     *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

            (1)     the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

            (2)     the trial court can correct its action or failure to act.

        (b)     *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.

[6]*Henery* presented a conflict in the record between the trial court's oral denial of a motion to quash the information against Henery and a subsequent written order granting the same motion. *Henery*, 364 S.W.3d at 916. The appellate court determined that the trial court lost jurisdiction when the trial court entered its order quashing the indictment, and all actions taken by the trial court after that point were void. *Id.* at 917. The Texas Court of Criminal Appeals held that the appellate court should have abated the case to the trial court pursuant to Rule 44.4 to determine if the written order quashing the indictment was a clerical error, or if the trial court intended the written order to control. *Id.* at 919. This was necessary because the conflict between the trial court's oral denial of the motion to quash and its written order granting the same motion prevented the case from being properly presented to the court of appeals. *Id.* at 918. The Court reasoned that "only the trial court is in the position to know whether the grant or denial was intended." *Id.* at 919 (citing TEX. R. APP. P. 44.4(a)(2)).

of enhancement to habitual offender filed by the State file stamped June 15, 2015[,] be set aside and quashed."

Because the trial court did not dismiss the indictment, it possessed the jurisdiction to enter the judgment of conviction against Cunningham. Accordingly, we overrule this point of error.

## II.    The Evidence is Sufficient to Support the Conviction

The indictment against Cunningham alleged, in pertinent part, that on or about June 23, 2014, Cunningham

> having been convicted of the felony offense of Unlawful Possession of a Firearm by Felon on the 28th day of April, 2010, in cause number 10-01684-CRF-85, in the 85th District Court of Brazos, Texas, intentionally or knowingly possess[ed] a firearm before the fifth anniversary of the defendant's release from supervision under parole or mandatory supervision following conviction of said felony,
>
> and it is further presented in and to said Court that, during the aforesaid offense, the defendant did then and there use or exhibit a deadly weapon, to-wit:    a firearm . . . .

Cunningham contends that the evidence is insufficient to support his conviction because the State failed to prove he was subject to confinement or supervision as a result of his 2010 conviction for unlawful possession of a firearm. He maintains that proof of confinement or supervision with respect to the underlying conviction is plainly required by Section 46.04(a)(1) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 46.04(a)(1).

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury (i.e., trier of fact) could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous

5

legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by the measure known as the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Cunningham was indicted for the unlawful possession of a firearm, which required the State to prove that he possessed a firearm (1) after his conviction and (2)(a) before the fifth anniversary of his release from confinement following conviction of the felony, or (b) his release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. *See* TEX. PENAL CODE ANN. § 46.04(a)(1); *Fagan v. State*, 362 S.W.3d 796, 799 (Tex. App.—Texarkana 2012, pet. ref'd).

At trial, the parties entered into a stipulation that Cunningham had previously been convicted of a felony:

> The defendant judicially confesses and stipulates that, prior to the commission of the charged offense, on the 28th day of April 2010, in the 85th District Court of Brazos County, Texas, in Cause number 10-01684-CRF-85, the defendant was

6

finally convicted of the felony offense of Unlawful Possession of a Firearm by a Felon.

While it is true that this stipulation does not indicate that Cunningham was confined or placed on a period of community supervision following the April 2010 conviction, this omission does not render the evidence insufficient to support Cunningham's conviction. The purpose of the statute is to ensure that a convicted felon does not possess a firearm for a specified period of time following conviction (i.e., a minimum of five years following conviction). *See Fagan*, 362 S.W.3d at 800. The statute is premised on the assumption that a person convicted of a felony will either be confined or will be placed on community supervision, parole, or mandatory supervision. *See* TEX. PENAL CODE ANN. § 46.04(a)(1). Consequently, the date of the defendant's *release* from confinement, community supervision, parole, or mandatory supervision is necessary to determine when the five-year prohibition against possessing a firearm concludes. However, "Section 46.04 does not 'necessarily require proof of the date of release from confinement in all cases.'" *Fagan*, 362 S.W.3d at 800 (quoting *Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009)). As explained by the Austin Court of Appeals:

> Under section 46.04, the period during which firearm possession by a felon is forbidden begins on the date of conviction (the date one is "convicted of a felony") and ends on the fifth anniversary of the person's release from confinement or the person's release from any form of supervision or parole, whichever date is later. Thus, the *minimum* period that a felon will be prohibited from possessing a firearm—assuming the felon is released from confinement or supervision on the date of conviction or is never confined—is five years from the date of conviction. The date of release from confinement is necessary to determine the *maximum* length of this period specifically when the period extends beyond five years from the date of conviction.

*Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009)). When, however, "the alleged possession occurs within five years of the date of conviction," the date of release from confinement is unnecessary because "the period of prohibition extends for this duration in any event." *Id.*

Here, Cunningham was convicted of unlawful possession of a firearm as a result of his possession of same on June 23, 2014, as alleged in the indictment. Cunningham stipulated that he was finally convicted of unlawful possession of a firearm prior to June 23, 2014, and that previous conviction was final April 28, 2010. Even if we were to assume that Cunningham was never confined following his April 2010 conviction, his possession of a firearm in June 2014 was nevertheless within the five-year period following his previous conviction. Consequently, proof of the date of Cunningham's previous conviction together with proof of the date of possession in this case unequivocally establishes his possession of a firearm within the minimum period proscribed by the statute. We overrule this point of error.

## III.  Cunningham Failed to Preserve Error on Enhancement Complaint

Cunningham complains that his sentence was improperly enhanced because the trial court did not read the allegation in the enhancement paragraph[7] to him and receive a plea of "true" or "not true" to the allegation. Consequently, Cunningham contends that because the issue of enhancement was not joined during the punishment trial, his sentence of twenty years exceeds the

---

[7]The enhancement paragraph of the indictment recited:

> ENHANCEMENT TO SECOND DEGREE FELONY:  and it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 28th day of April, 2010, in cause number 10-01684-CRF-85, in the 85th District Court of Brazos County, Texas, the defendant was convicted of the felony offense of Manufacture/Delivery of a Controlled Substance.

unenhanced punishment range for a third degree felony—the only punishment range authorized by the evidence. We disagree.

Because Cunningham failed to object to the trial court's failure to read the enhancement allegation and receive a plea to that allegation, this issue has not been preserved for our review. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973). In *Reed*, as here, the punishment phase of the trial was heard by the trial court. The enhancement allegation was not read to the defendant, and defense counsel did not object to this omission. *Id*. at 498–99. The Court of Criminal Appeals stated, "It would . . . appear that appellant may not raise the question for the first time on appeal." *Id.* at 499. *Reed* has thus been cited for the proposition that an appellant may not complain for the first time on appeal about the trial court's failure to read the indictment in a bench trial. *Hardman v. State*, 614 S.W.2d 123, 125–26 (Tex. Crim. App. [Panel Op.] 1981); *see also Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.).[8]

Even if Cunningham had objected at the trial court level, however, we would not conclude that the trial court erred in failing to read the enhancement allegation and in failing to receive Cunningham's plea to that allegation. Because Cunningham elected to have the trial court assess punishment, the trial court was not required to read the enhancement paragraph to him. *See Reed*, 500 S.W.2d at 499 (when punishment is before trial court, Texas Code of Criminal Procedure does not require reading of enhancement paragraphs and receipt of plea to enhancement paragraphs);

---

[8]In following the precedent of the Waco Court of Appeals, we observe that our sister court has decided this issue on the basis of a lack of preservation. *See Navarro v. State*, No. 10-11-00051-CR, 2011 WL 4712248, at *8 (Tex. App.—Waco, Oct. 5, 2011, no pet.) (mem. op., not designated for publication). Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

*Lopez v. State*, 452 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (because trial court assessed punishment, it was not required to read enhancement allegations to defendant); *Davis*, 970 S.W.2d at 749 ("[Article 36.01] does not support Davis' argument that the trial court erred by failing to read the indictment before the punishment hearing because this article concerns the procedure for trial before a jury.").

Where, as here, there is no affirmative evidence in the record showing the defendant pled true to the enhancement allegation, the State must "prove the allegation beyond a reasonable doubt." *Wood v. State*, 486 S.W.3d 583, 588 (Tex. Crim. App. 2016). Cunningham does not claim, however, that the State failed to prove the enhancement allegation beyond a reasonable doubt. He simply claims that because the trial court did not enter a finding of true to that enhancement, the issues were not joined and his punishment was not susceptible of enhancement.[9] The judgment reflects a finding of true to the enhancement allegation, which finding is supported by the record. Because Cunningham has not preserved error for our review and because, in any event, the trial court did not err, we overrule this point of error.

## IV. Modification of the Judgment

Cunningham was convicted of unlawful possession of a firearm, which offense is a third degree felony. *See* TEX. PENAL CODE ANN. § 46.04(e) (West 2011). Although the punishment range for this third degree felony was enhanced, the judgment lists the degree of offense as "3rd

---

[9]Steven Fry, a detective employed by the Bryan Police Department, testified that he had received specialized training in fingerprint identification and latent fingerprint comparison by the Texas Forensic Associates and the Texas Forensic Science Academy Foundation. Fry further testified that the thumbprint on State's Exhibit 66, a judgment against James Cunningham dated April 28, 2010, in cause number 10-01684-85 for the offense of manufacture/delivery of a controlled substance, for which Cunningham received a six-year sentence, matched the thumbprint taken from Cunningham. This judgment was admitted into evidence without objection.

degree felony enhanced to a 2nd degree." The enhancement changed only the permissible punishment range; it did not change the classification of the offense. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2016); *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011). Cunningham therefore requests a modification of the judgment to reflect his conviction of a third degree felony, with the punishment range enhanced to that of a second degree felony. The State does not dispute this point of error.

We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2(b). Therefore, we modify the trial court's judgment to reflect the proper degree of offense as that of a third degree felony, with the punishment range enhanced to that of a second degree felony. We affirm the judgment, as modified.


Bailey C. Moseley
Justice


Date Submitted:     September 14, 2016
Date Decided:       September 27, 2016

Do Not Publish

11