**Order entered November 7, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01138-CR
No. 05-18-01176-CR
No. 05-18-01177-CR
No. 05-18-01178-CR
No. 05-18-01179-CR
No. 05-18-01180-CR

**JOSE ANTONIO JUAREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1772146-S, F-1035577-S, F-134001-S, F-1433730-S, F-1433734-S, F-1433735-S**

## ORDER

We **REINSTATE** these appeals. On October 18, 2019, this Court issued an order that supplemental clerk's records containing corrected judgments of conviction and Criminal Court Fee Docket sheets be filed with this Court no later than fifteen days from the date of the order. To date, no supplemental clerk's records have been received. The Dallas County District Clerk's Office informs us that it has not received the relevant documents from the trial court.

Texas Rule of Appellate Procedure 44.4 states that if the trial court's erroneous action prevents the proper presentation of a case to the court of appeals and the trial court can correct its

action, then the court of appeals must direct the trial court to correct the error. *See* TEX. R. APP. P. 44. Where, as here, the trial court's oral and written statements are in conflict and the trial court can correct the errors, we abate the case to allow the trial court to correct its errors. *See Henery v. State*, 364 S.W.3d 915, 918 (Tex. Crim. App. 2012).

In our October 18, 2019 order, we directed the trial court to correct its errors. Because the trial court has failed to do so, we **ORDER** the trial court to comply with our October 18, 2019 order no later than November 22, 2019. These appeals will remain **ABATED** until November 25, 2019, at which time they shall be reinstated.

/s/    LANA MYERS
        PRESIDING JUSTICE