**Reversed and Remanded and Opinion Filed September 20, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00197-CR

### TYRAN DARNELL SHUMATE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F-1575398-Q**

## OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Tyran Darnell Shumate appeals the trial court's "judgment adjudicating [him] guilt[y]" of "aggravated sexual assault of a child." After a hearing on the State's motion to revoke his community supervision, the trial court found that appellant violated the conditions of his community supervision and sentenced him to five years of imprisonment. Appellant raises six issues arguing the trial court's judgment should be modified as follows: (1) to reflect the correct offense; (2) to state the correct statute for the offense; (3) to reflect the correct degree of the offense; (4) to correctly reflect that there was no plea bargain in this case; (5) to reflect that he is required to register as a sex offender; and (6) to correctly reflect that his community

supervision was revoked. The State agrees that this Court should modify the judgment and raises a cross issue requesting that we also modify the judgment to accurately reflect the trial court's findings that appellant violated the conditions of his community supervision and replace the trial court's judgment with the correct form for judgments revoking community supervision. The trial court's judgment is reversed and remanded with instructions for the trial court to enter a corrected judgment consistent with this opinion.

## I. PROCEDURAL BACKGROUND

Appellant was indicted for the offense of first-degree aggravated sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). Later, the State filed a written motion to amend the indictment, abandoning the first-degree felony allegation of aggravated sexual assault of a child under fourteen years of age and replacing it with the lesser-included second-degree felony offense of sexual assault of a child younger than seventeen years of age, which the trial court granted.[1] *See* PENAL § 22.011(a)(2)(A), (c)(1). However, the text of the actual indictment was not changed. *Shumate v. State*, No. 05-17-00701-CR, 2018 WL 3120856, at *1 (Tex. App.—Dallas June 26, 2018, no pet.) (mem. op., not designated for publication). Appellant pleaded not guilty, and

---

[1] This Court concluded that although the State presented its action as an amendment to the indictment, the State's motion to amend was, in fact, an abandonment of the first-degree felony allegation of aggravated sexual assault of a child in favor of the lesser included offense of second-degree sexual assault of a child younger than seventeen years of age. *Shumate*, 2018 WL 3120856, at *4.

–2–

the State proceeded to trial on the lesser charge. *Id.* at 2. The jury found appellant guilty of sexual assault and assessed his punishment at five years of imprisonment. The trial court suspended appellant's sentence and ordered that he be placed on community supervision for ten years.

Appellant appealed the trial court's judgment to this Court, claiming that the trial court's charge to the jury was erroneous and that he was egregiously harmed because the indictment, although amended orally, was never actually amended. *Id.* at *1. This Court modified the trial court's judgment as follows:

(1) the section of the judgment entitled "Offense for which Defendant Convicted" was modified to show the offense was "Sexual Assault of a Child";

(2) the section of the judgment entitled "Statute for Offense" was modified to show the correct statute is "22.011 Penal Code"; and

(3) the section of the judgment entitled "Degree of Offense" was modified to show the degree of the offense was "2nd Degree Felony."

*Id.* at *5. As modified, the trial court's judgment was affirmed.[2] *Id.*

---

[2] The record does not show that this Court's modifications were incorporated into a reformed or corrected judgment. This Court's mandate in appellate cause no. 05-17-00701-CR modified the trial court's judgment and affirmed the judgment as reformed. It further stated "**WHEREFORE, WE COMMAND YOU** to observe the order of the Court of Appeals for the Fifth District of Texas, in this behalf, and have it duly obeyed and executed." That language empowered the trial court to take whatever reasonable action it deemed necessary to enforce this Court's mandate and see that this Court's judgment was executed. *Yarbrough v. State*, 703 S.W.2d 645, 648 (Tex. Crim. App. 1985); *see also Execution*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("execution" means "[t]he act of carrying out or putting into effect"). While there is substantial authority stating that appellate courts may modify judgments when they have the necessary evidence to do so, there is not a great deal of discussion about what steps, if any, a trial court must take to carry out the appellate court's mandate. Nevertheless, the Texas Court of Criminal Appeals has noted that "[r]eform means to correct; to make new, to rectify" and held that "the judgment of the court below should be reformed and corrected, so as to make it read, in connection with the judgment as entered." *McCorquodale v. State*, 98 S.W. 879, 887 (Tex. Crim. App. 1905). Accordingly, in this case, the trial court

The State filed a motion seeking to revoke appellant's community supervision, alleging he violated several conditions of his community supervision. Appellant pleaded true to the allegations. The trial court accepted appellant's plea of true, revoked his community supervision, and sentenced him to five years of imprisonment. The trial court signed a "Judgment Adjudicating Guilt" that:

- states appellant was convicted of "aggravated sexual assault of child" under "22.021 Penal Code," which is a "1st Degree Felony,"

- states the terms of his plea bargain were "5 years penitentiary, no fine,"

- does not check the box indicating he is required to register as a sex offender, and

- does not reflect that appellant's community supervision was revoked or that he violated the conditions of his community supervision.

## I. CORRECTION OF THE JUDGMENT

In issues one through six, appellant argues the trial court's judgment should be modified: (1) to reflect the correct offense; (2) to state the correct statute for the offense; (3) to reflect the correct degree of the offense; (4) to correctly reflect that there was no plea bargain in this case; (5) to reflect that he is required to register as a sex offender; and (6) to correctly reflect that his community supervision was

---

acquired limited or special jurisdiction to do whatever was reasonably necessary to ensure that this Court's judgment and mandate were carried out, including reforming or correcting the judgment in accordance with this Court's judgment and mandate. *See Yarbrough*, 703 S.W.2d at 648–49 (noting that when conviction affirmed by Texas Court of Criminal Appeals, although general jurisdiction is not restored, trial court is vested with limited or special jurisdiction to see that judgment executed and mandate carried out).

–4–

revoked. The State agrees. In the State's cross issue, it requests that an additional portion of the trial court's judgment be modified and alleges the trial court failed to use the correct judgment form. After reviewing the record in this case, we conclude that appellant's and the State's arguments are well founded.

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). However, it is concerning that this is not the first time we have addressed the same errors that the parties raise in this appeal. *See Shumate*, 2018 WL 3120856, at *5. And, it is troubling that the trial court has signed another judgment that does not reflect the modifications made by this Court. Errors occur, and that is why our system includes a remedy for addressing them, but the repetition of those errors, resulting in the need for additional expenditures and repetitious appellate review, is vexing. As a criminal appeal, this case involves the restriction of a person's liberty, and, here specifically, because this is a sexual assault case, the need to accurately reflect when a person is required to register as a sex offender is a matter of public concern. These are not trivial matters.

Further, the State contends that the incorrect judgment form was used in this case. It requests that we replace the trial court's judgment with the correct form for judgments revoking community supervision. This Court has the power to modify

the trial court's judgment and affirm it as modified, to reverse and remand with instructions for the trial court to correct its final judgment, and to reverse the trial court's judgment and render the judgment the trial court should have rendered. TEX. R. APP. P. 43.2. While simply replacing the judgment form used by the trial court may appear to be the simplest solution, this Court does not replace forms.[3] However,

---

[3] We acknowledge that Texas Rule of Appellate Procedure 44.4(a) states that appellate courts must not affirm or reverse a judgment or dismiss an appeal if: (1) the trial court's erroneous action or failure to act **prevents the proper presentation of a case to the court of appeals;** and (2) the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a) (emphasis added). If the preconditions in subsections (1) and (2) are satisfied, a court of appeals must abate the case even if neither party has requested the abatement. *Henery v. State*, 364 S.W.3d 915, 918 (Tex. Crim. App. 2012). As the Texas Court of Criminal Appeals noted, rules "44.3 and 44.4 set limits on when an appellate court may dismiss an appeal because of a procedural defect" and "reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities.'" *Cortez v. State*, 420 S.W.3d 803, 806 (Tex. Crim. App. 2013) (quoting *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)). Rule 44.4 is designed to effect the creation of a new record when a trial court has erroneously withheld information necessary for us to evaluate a defendant's claim on appeal or has prevented the defendant from submitting information necessary to evaluate his claim and directs appellate courts to step in and order the trial court to correct the situation. *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007). We also note that in somewhat similar situations, appellate courts have sometimes abated an appeal and ordered trial courts to sign a corrected judgment. *See Sanchez v. State*, Nos. 05-16-01020-CR, 05-16-01021-CR, 05-16-01022-CR, & 05-16–01023-CR, 2017 WL 3276008, at *2 (Tex. App.—Dallas July 31, 2017, no pet.) (mem. op., not designated for publication) (abating case and directing trial court to sign corrected judgment of conviction that contained all of the statutorily mandated information); *Greenwood v. State*, No. 05-16-00644-CR, 2017 WL 2590740, at *3 (Tex. App.—Dallas June 14, 2017, no pet.) (mem. op., not designated for publication) (abating case and directing trial court to sign corrected judgment of conviction that contained all of the statutorily mandated information); *Felder v. State*, No. 03-13-00706-CR & 03-13-00707-CR, 2014 WL 3560426, at *1 (Tex. App.—Austin July 18, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (abating appeals and remanding cases to trial court where the wrong judgment forms were used and directing trial court to sign corrected judgments of conviction that contain all of the statutorily mandated information); *see also Dears*, 154 S.W.3d at 614 (agreeing that "[r]ules 44.3 and 44.4 weigh in favor of a definition of 'defective' which is broader than 'lacking something essential'").

Nevertheless, in this appeal, the errors in the trial court's judgment do not prevent the proper presentation of error. *See* TEX. R. APP. P. 44.4. Rather, those errors in the judgment form the basis of the appeal. *See generally Fakeye v. State*, 227 S.W.3d 714, 718 (Tex. Crim. App. 2007) (trial court's error was failure to admonish appellant as to the deportation consequences of his plea, which is not a remediable error under Rule 44.4 because it did not prevent proper presentation of case to appellate court). Accordingly, under the circumstances of this case, we conclude that we are not required to abate the appeal pursuant to Texas Rule of Appellate Procedure 44.4. And, given the procedural history of this case, we decline to do so.

nothing in this opinion should be construed to suggest that the trial court cannot take advantage of that solution when complying with our opinion and judgment.

Issues one through six are decided in appellant's favor, and the cross issue is decided in the State's favor. In light of the procedural history of this case, we believe the better course is to remand this case to the trial court with instructions to correct the judgment instead of our modifying the judgment. Further, based on the issues highlighted by this appeal, it may be prudent for appellate courts to review their current practice of modifying incorrect judgments in criminal cases.

### III. CONCLUSION

We reverse the trial court's "Judgment Adjudicating Guilt" and remand the case to the trial court for the sole purpose of signing and entering a corrected judgment revoking appellant's community supervision that contains all the statutorily mandated information and complies with this Court's opinion as follows:

(1) The title of the judgment which states "Judgment Adjudicating Guilt" should be corrected to state "Judgment Revoking Community Supervision";

(2) the section of the judgment that states "Statute for Offense: 22.021 Penal Code" should be corrected to state "Statute for Offense: 22.011 Penal Code";

(3) the section of the judgment that states "Offense for which defendant Convicted: Aggravated Sexual Assault Child" should be corrected to state "Offense for which defendant Convicted: Sexual Assault of a Child younger than 17 years of age"[4];

---

[4] TEX. CODE CRIM. PROC. art. 42.01 § 1(27).

(4)     the section of the judgment that states "Degree of Offense: 1st Degree Felony" should be corrected to state "Degree of Offense: 2nd Degree Felony";

(5)     the section of the judgment that states "Terms of Plea Bargain (if any): 5 years penitentiary, no fine" should be corrected to state "None";

(6)     the section of the judgment that does not check the box showing appellant is required to register as a sex offender should be corrected to reflect that he is required to register as a sex offender;

(7)     the judgment should be corrected to reflect that the trial court granted the State's motion to revoke appellant's community supervision and found that appellant violated conditions B, H, J, K, L, N, and Y of his community supervision; and

(8)     the judgment should be corrected to reflect the trial court's previous order suspending the imposition of appellant's sentence of confinement and placing him on community supervision is revoked.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

200197f.p05

Publish
TEX. R. APP. P. 47

–8–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TYRAN DARNELL SHUMATE, Appellant

No. 05-20-00197-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1575398-Q. Opinion delivered by Justice Osborne. Justices Schenck and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 20th day of September, 2021.