

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00284-CR

**TROY EUGENE WELCH,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Leon County, Texas
Trial Court No. 19-0131CR**

## DISSENT TO ABATEMENT ORDER

In a number of pending appeals, the appellant has fully briefed an issue regarding court cost. In most, but not all of those appeals, the State has filed a brief in response. The cost issue is thus ready, or soon will be ready, for the Court to decide. But rather than decide the issue, the Court has decided to abate the appeal to the trial court for its review of the issue. *Welch v. State*, ___ S.W.3d ___, No. 10-21-00284-CR, ___ Tex. App. LEXIS ___ (Tex. App.—Waco Oct. 12, 2022, ord.) (publish).

In this case, these cost issues do not need further development in the trial court.

The assessment of cost in the judgment is either correct, or it is not.[1] There is no "'trial court's error [that] prevents the proper presentation of the case to the appellate court….'" *Fakeye v. State*, 227 S.W.3d 714, 717 (Tex. Crim. App. 2007) (quoting TEX. R. APP. P. 44.4). Thus, the preconditions of Rule 44.4 are not met. TEX. R. APP. P. 44.4; *see Henery v. State*, 364 S.W.3d 915, 918 (Tex. Crim. App. 2012).

Moreover, the scope of the abatement procedure is unclear, and the order provides no guidance to the trial court or parties. The Court apparently has not determined that there is an error in the judgment. Abatement Order at 4 ("…we abate this appeal to the trial court to review and, *if necessary*, correct only the assessed mandatory court cost.") (emphasis added). The Court certainly gives no indication of the error, if any, that is present in the judgment to be addressed by the trial court at the abatement hearing. And because the error is not identified, the Court is thus unable to comply with the requirement in the rule which instructs the Court to "…direct the trial court to correct *the error*." TEX. R. APP. P. 44.4(b) (emphasis added). This leads me to conclude that any allegation of error in the assessment of mandatory court cost will be subjected to this unprecedented procedure, or at the very least, only the Court will be able to determine those issues "where court cost errors can be accurately determined from the existing record." Abatement Order at 4, fn 2.

Additionally, I see no reason for a distinction for limiting this procedure to the

---

[1] The appellant has the burden to show a trial court error that affects the judgment. If the appellant is unable to do so, the issue should be overruled.

issue of alleged error in mandatory cost. If the procedure is valid at all, it would be valid to any issue that did not require preservation.[2]

Finally, this procedure will require additional briefing by the parties, or at least the opportunity for additional briefing, if the trial court signs an amended or corrected judgment. Indeed, the signing of an amended or corrected judgment raises the issue of whether the appellate timetable is reset and begins to run anew, requiring a new notice of appeal, *see Mendoza v. State*, 935 S.W.2d 501, 503-04 (Tex. App.—Waco 1996, pet. ref'd) (motion for new trial hearing); *see also Miller v. State*, 343 S.W.3d 499, 504 (Tex. App.— Waco 2011, no pet.) (restitution hearing), or will the Court allow supplemental briefing only on the portions of the judgment that were modified, similar to an appeal after a nunc pro tunc modification to a judgment where the appellate issues are limited to the modifications in the nunc pro tunc judgment.[3] *See e.g.*, *Cunningham v. State*, 643, 322 S.W.2d 538, 540 (1959). And if there are new or different allegations of error as a result of this process, does the whole abatement ritual start over? If so, how many cycles do we have to endure?

In conclusion, I have found no legal or jurisprudential basis to justify the

---

[2] Does the appellant waive any error that was otherwise not subject to procedural default if an objection is not now made during the abatement hearing since there is now an opportunity to object? Is the trial court limited to review of only the issues regarding mandatory cost raised in the appellant's brief on appeal, and if so, why? Why not empower the trial court to fix any issue that is raised during the hearing, especially since presumably the appellant is going to have to be bench warranted for the hearing?

[3] It is unlikely that any change to cost can be made by a judgment nunc pro tunc because it will seldom be the case that the record will support a determination that the trial court rendered judgment regarding cost other than what appears in the judgment as a result of a clerical error.

imposition on the trial court, the clerk, the reporter, or the parties, a procedure that is unnecessary to our ability to decide the issues as briefed by the appellant. The scope, but also the limitations, placed on this procedure will further complicate an already unduly complicated system of assessing, reviewing, and collecting court cost in criminal proceedings. And while it is not limited to *Allison* briefs[4] such as this one, to a rather large extent, this new abatement procedure upends this Court's very recent work resulting in the announcement of a comprehensive procedure for the development of appeals that present no reversible issue but otherwise present arguable issues of nonreversible error such as court cost. *See generally*, *Cummins v. State*, 646 S.W.3d 605, 2022 Tex. App. LEXIS 3232, *18 (Tex. App.—Waco 2022, pet. ref'd).

I also note that this procedure is adopted after tens, if not hundreds, of similar cases have been decided by this Court and hundreds, if not thousands, across the State, all without finding a need to abate the proceeding to decide the appeal. Moreover, the Texas Legislature recently revisited this area, and while it attempted to clarify and make more uniform the amounts and methods of assessing court cost, it did not find a need to modify the process of appellate review of the assessments. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352.

For the reasons expressed, I do not, and cannot, join this abatement order.


TOM GRAY
Chief Justice

---

[4]*Allison* briefs are discussed in *Cummins v. State*, 646 S.W.3d 605, 2022 Tex. App. LEXIS 3232, *18 (Tex. App.—Waco 2022, pet. ref'd).

Dissent to Abatement Order issued and filed October 12, 2022
Publish

