

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00104-CR

**CARL CLIFTON CARNLEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 369th District Court
Leon County, Texas
Trial Court No. 19-0011CR**

## ABATEMENT ORDER

Appellant Carl Clifton Carnley pleaded guilty to possession of less than one gram of a controlled substance. The trial court deferred finding Carnley guilty and placed him on community supervision for five years. The State later filed a motion to adjudicate guilt. Carnley pleaded "not true" to all of the alleged violations. After a hearing, the trial court found all of the allegations "true," revoked Carnley's community supervision, and sentenced him to twenty-four months' incarceration in a state jail.

Carnley's appointed counsel has filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). The *Anders* brief also includes what we identify as Category 2 nonreversible errors related to the assessment of mandatory costs that are not subject to procedural default and that may be raised for the first time on appeal. *See Cummins v. State*, 646 S.W.3d 605, 615-16 (Tex. App.—Waco 2022, pet. ref'd); *see also Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Articles 42.15 and 42.16 of the Texas Code of Criminal Procedure require that a judgment order a defendant to pay court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.15 (applicable when the punishment is only a fine), 42.16 (applicable when the punishment is something other than a fine). "Only statutorily authorized court costs may be assessed against a criminal defendant, and all costs assessed against a defendant can be separated into two categories: (1) mandatory costs and (2) discretionary costs." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (footnote omitted). "A mandatory cost is one other than attorney's fees that is a predetermined, legislatively mandated obligation imposed upon conviction." *Id.*

The Court of Criminal Appeals further recognized that:

Typically, a defendant will be sentenced in open court, but the written judgment is prepared at a later date. *See, e.g., Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) ("A trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment, outside

the defendant's presence.").  Thus, while some defendants in some cases may have an opportunity to recognize a basis to object to the imposition of court costs in open court if an itemized bill is available to them, most defendants, like Appellant, will not, because their court costs were not imposed in open court, the judgment did not contain a written amount of court costs, or it contained only an aggregate figure—the accuracy of which may not be verifiable at the time of imposition.  For these reasons, we hold that Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal.

*Id.* at 390-91.

*Johnson* illuminates the unique nature of court costs in that they are usually imposed after the defendant is sentenced in open court.  *See id.* at 390.  Thus, in most instances, any errors in the imposition of court costs are first raised in the appellate court.  Trial courts are rarely afforded the opportunity to correct any errors regarding the imposition of court costs.  *See Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (noting the general proposition that a timely objection allows the trial court an opportunity to prevent or correct errors and that this requirement, among other things, promotes the orderly and effective presentation of the case to the trier of fact).

Texas Rule of Appellate Procedure 44.4(a) provides that an appellate court must not affirm or reverse a judgment or dismiss an appeal if:  (1) "the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals"; and (2) "the trial court can correct its action or failure to act."  TEX. R. APP. P. 44.4(a).  The Court of Criminal Appeals has stated that Rule 44.4 is implicated when "'a trial court's error prevents the proper presentation of the case to the appellate court

and that error can be remedied (without requiring an entire new trial or new punishment hearing) . . . .'"  *Fakeye v. State*, 227 S.W.3d 714, 717 (Tex. Crim. App. 2007) (quoting *LaPointe v. State*, 225 S.W.3d 513, 521 (Tex. Crim. App. 2007)).

A trial court is required to order appellant to pay mandatory court costs, which are those that are predetermined and legislatively mandated.  In this case, the alleged errors in the assessment of court costs prevents the proper presentation of the case to this Court.  That presentation may be remedied by the trial court without requiring a new trial or new punishment hearing.[1]  We abate this appeal to the trial court to review, and if necessary, correct only the assessed mandatory court costs.[2]  *See Johnson*, 423 S.W.3d at 389-91; *Henery v. State*, 364 S.W.3d 915, 918 (Tex. Crim. App. 2012) ("Due to the mandatory language of Rule 44.4, if the preconditions are satisfied, the court of appeals must abate the case, even if neither the State nor the defendant has requested the abatement."); *Fakeye*, 227 S.W.3d at 717; *LaPointe*, 225 S.W.3d at 521; *Green v. State*, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995) (noting that an appellate court may abate an appeal and instruct the trial court to make findings that comply with a particular

---

[1] We further note that some of the issues involving court costs may be remedied by the filing of a judgment *nunc pro tunc* in the trial court.  *See Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980) (noting that a judgment *nunc pro tunc* is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered); *see also Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) ("A *nunc pro tunc* may correct clerical errors in a judgment, but not judicial omissions.  A clerical error is one which does not result from judicial reasoning or determination." (citations omitted)).

[2] The abatement procedure ordered in this case should not be viewed as requiring abatement in cases involving court costs where errors can be accurately determined from the existing record.

statutory requirement); *see also Sanchez v. State*, Nos. 05-16-01020-CR, 05-16-01021-CR, 05-16-01022-CR, & 05-16-01023-CR, 2017 WL 3266008, at *2, 2017 Tex. App. LEXIS 7149, at *4 (Tex. App.—Dallas July 31, 2017, no pet.) (mem. op., not designated for publication) (abating the case and directing the trial court to sign a corrected judgment of conviction that contained all the statutorily-mandated information); *Felder v. State*, Nos. 03-13-00706-CR & 03-13-00707-CR, 2014 WL 3560426, at *1, 2014 Tex. App. LEXIS 7821, at *1 (Tex. App.—Austin July 18, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (abating appeals and remanding cases to the trial court where the wrong judgment forms were used and directing the trial court to sign corrected judgments of conviction that contain all the statutorily-mandated information); *Letulle v. State*, No. 09-07-00554-CR, 2009 WL 3199706, at *2, 2009 Tex. App. LEXIS 7854, at *5 (Tex. App.—Beaumont Oct. 7, 2009, no pet.) (mem. op., not designated for publication) (concluding that the facts in the record were insufficient to allow us to modify the trial court's court costs and abating the appeal to the trial court to determine the proper amounts to be assessed).

The trial court shall conduct a hearing on appellant's court-cost challenges within thirty days of this order. The District Clerk and Court Reporter shall file a Supplemental Clerk's Record and Supplemental Reporter's Record, respectively, with this Court, within fourteen days of the date the trial court conducts the hearing on appellant's court-cost challenges.

PER CURIAM

Before Chief Justice Gray,*
      Justice Johnson, and
      Justice Smith
Order issued and filed October 19, 2022
*(Chief Justice Gray dissenting.)
Do not publish

